## Case No. 3,803.

### DENNISTON v. McKEEN.

[2 McLean, 253.][1]

Circuit Court, D. Indiana.   Nov. Term, 1840.

PAYMENT—PRESUMPTION FROM LAPSE OF TIME.

1. After the lapse of twenty years a presumption of payment of a bond or note arises, and, under peculiar circumstances, it may arise on a shorter time. This presumption may be rebutted by circumstances.

[1] [Reported by Hon. John McLean, Circuit Justice.]

2. A new trial will not be granted against strong circumstances of equity.

Mr. Cooper, for plaintiff.
Mr. Lockwood, for defendant.

Before HOLMAN, District Judge.

Declaration by assignee on a note executed by defendant, and two others, as partners, in the state of Ohio, in the year 1817, and assigned without recourse. The defendant pleaded payment. Defendant rested his case before the jury on the presumption of payment arising from the length of time since the note was executed. To rebut this presumption the plaintiff proved that the defendant had been for a long time living in this state in embarrassed circumstances, and that a suit was instituted against him on this note in the circuit court of Cass county, in 1836, which was afterwards dismissed. It appeared, also, in proof, that one of the partners had died many years ago. That the other, the principal in the firm, was still living in the state of Ohio, and had resided at the place, where the firm transacted their business, ever since the note was executed; and that defendant must have been very young, if, indeed, he was of age at the date of the note.

THE COURT instructed the jury that, after a lapse of twenty years, a note was presumed to be paid if no demand of payment had been previously made. And even a shorter period would raise a presumption of payment, under peculiar circumstances, but that there were, also, circumstances which would rebut this presumption, and excuse the making of a demand, or the institution of a suit, as when the defendant was insolvent, or his place of residence unknown. That they should consider all the circumstances of this case, and give their verdict accordingly.

The jury found for the defendant.
Motion for a new trial.

PER COURT. The circumstances in this case warrant the finding of the jury. If the lapse of time is considered as limited to the time when the suit, in the Cass circuit court, was instituted, it then amounted to nineteen years. And as the defendant's residence in this state had long been known, and although he was embarrassed in his circumstances, there is no proof that he was insolvent. And as there was no evidence whatever of the insolvency of the firm, or that any application had ever been made to the principal of the firm, who still resided where the business had been originally transacted, and who would be presumed to know more about it than a partner so young as the defendant must have been at that time, and as the note had been received by the assignee not in the regular business way, but apparently as a matter of speculation, the presumption of payment, prior to 1836, was sufficiently strong to authorize a verdict for the defendant.

New trial refused.