## GARNIER *v.* RENNER ET AL.

PAYMENT.—*Evidence.*—Payment of a promissory note may be inferred by a jury from circumstances coupled with a lapse of time shorter than twenty years; and evidence of conduct of the creditor inconsistent with the supposition that the debt had not been paid should not be excluded, though connected with a different matter.

From the Dearborn Circuit Court.

*N. S. Givan* and —— *Mathews,* for appellant.

*J. Schwartz,* for appellees.

DOWNEY, J.—This was an action by the appellees, partners, as assignees of the payee, George Englert, against John Heimberger, the principal, and Garnier, the appellant, as the surety, on a promissory·note. The note was made ·August 20th, 1859, payable in a year after date, and, the action was commenced on the 4th day of October, 1872. Heimberger, the principal in the note, was not served with process. Garnier answered:

1. Payment.

2. That the defendant signed the note as surety for Heim-

berger, which was known to the payee, Englert; that defendant intended, if the note was not promptly paid when due, to give the payee notice in writing to collect the same; that a short time after the note became due, the payee informed the defendant that the note had been paid; that he never knew to the contrary until about the time when this suit was brought; that Heimberger was amply solvent and able to pay the same when it became due, and so remained for eight years afterwards, when he became insolvent and removed from the county.

Reply by general denial. Trial by the court, and finding for the plaintiff. A new trial was denied, and there was final judgment for the plaintiff.

The refusal of the court to grant a new trial is the only error assigned which presents any question.

The insufficiency of the evidence to sustain the finding of the court, and the refusal of the court to admit certain designated evidence offered by the defendant, are the grounds of the motion relied upon. There was never any dispute as to the validity of the note.

The evidence tending to prove payment of the note is both positive and circumstantial. Englert swore that Renner told him that Heimberger had paid the note at about the time it matured. This statement was denied by Renner in his evidence. The evidence shows that Heimberger, for some years after the maturity of the note, resided in the county, was county recorder, and had property subject to execution many times the amount of the debt in value. Also, that Garnier, ever since the making of the note, resided and did business in Lawrenceburgh, in that county, and that he owned property to the amount of fifty thousand dollars. The plaintiffs, during all that time, resided and did business in Lawrenceburgh.

Kastner, one of the plaintiffs, testified that he did not recollect of having seen the note before the time of the trial. Renner had never mentioned the note to the defendant until about a month before the action was brought. The parties

saw each other very often, and had some business transactions.

As a circumstance tending to show that the note had been paid, the defendant proposed to prove, by his own testimony, that, during the time since the maturity of the note, Renner came to him and wanted to sell him stock that he owned in the Lawrenceburgh Wheel Company; that he asked Renner, what for; that he said he needed the money; that he said to Renner that he need not sell his stock, and proposed to loan him four hundred dollars for a year at small interest, as he did not want him to go out of the company; that Renner said he must sell, and would give the defendant the first privilege to buy it; that he declined to purchase, but told Renner to come the next day, and if he still wished to sell, he would make him an offer; that Renner came the next day, and said he must sell, for he needed all the money; and that the defendant then purchased his stock—nine hundred dollars—at seventy-five cents on the dollar.

The court excluded this evidence, and this was one of the reasons for a new trial.

Payment, like any other fact, may be proved by circumstantial, as well as direct evidence. In the absence of a statute of limitations, payment was presumed, in the absence of explanatory circumstances, after twenty years. But it might, and still may be inferred, by the jury or court trying the cause, from circumstances, coupled with the lapse of a shorter period. 2 Greenleaf's Ev., sec. 528; *Denniston* v. *McKeen*, 2 McLean, 253.

The circumstance sought to be proved by the defendant, and excluded by the court, was of such a nature as tended strongly to support the theory of the defendant, that the note had been paid. The conduct of Renner on that occasion was wholly inconsistent with the idea that the note was unpaid. He was pressed for money, and if the amount of the note was then due him and his partner from Garnier, it is hardly possible that he would not then have demanded its payment.

We think the evidence should have been admitted.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.