## PORTER *v.* BYRNE and Another.

Where in a proceeding in attachment against real estate, there was no description of the property, in either the sheriff's return or the judgment:—

*Held,* 1. That the proceedings were void for uncertainty.

2. That they cannot be explained by extrinsic evidence.

APPEAL from the *Vanderburgh* Circuit Court.

WORDEN, J.—This was an action brought to recover the south-west half of lot No. 60, in the city of *Evansville*. It is admitted that in *February*, 1823, one *Thomas E. Alsop* was the owner of the premises in controversy, and that he then conveyed the same by deed, duly executed, to the plaintiff.

May Term.
1858.

PORTER
v.
BYRNE.

*Tuesday,*
*May* 25.

The defendants set up for defense an adverse possession in themselves and those under whom they claim for twenty years next before the bringing of the suit, and also a title in themselves derived from a sale of the premises by the sheriff, as the property of the plaintiff, on a proceeding in attachment against him by one *Thomas J. Dobyns*.

The cause was tried by a jury, which resulted in a verdict and judgment for defendants.

Motion for a new trial made and overruled, and exceptions taken, setting out the evidence.

Under the statute of limitations of 1843, which was in force when this suit was brought, an adverse possession, to be available, must have been exclusive and *continuous*, for twenty years, under such circumstances as to show the party to be occupying upon a claim of ownership, in himself, of the premises. *Law* v. *Smith*, 4 Ind. R. 56. Whether a different rule shall prevail under the statute of 1852, it is unnecessary to determine. The evidence in the case is, perhaps, somewhat conflicting, and leaves some doubt as to the *continuity* of the defendants' possession for the necessary period; but if there was no other question involved but the one of adverse possession, we should not disturb the verdict as not being supported by the evidence.

The defendants, in order to support their claim of title in themselves under the proceedings in attachment in the suit of *Dobyns* v. *Porter*, offered and read in evidence the record of said proceedings, over the objection of the plaintiff, which was overruled by the Court. From said record it appears, that the sheriff levied the attachment on "one-half of lot 60, in the town of *Evansville*," without designating the particular half, and there is nothing in the record to show what half was levied upon. The judgment in the

attachment suit is, that "the estate *heretofore attached* by the attachment in favor of said *Thomas J. Dobyns,* belonging to the defendant, *Andrew Porter,* be sold," &c.

There is nothing in the entire proceeding to show what particular half of the lot was attached or ordered to be sold.

The defendants also offered in evidence a deed from the sheriff, by virtue of a sale under the proceedings in attachment (over the objections of the plaintiff which were overruled by the Court), for the *north-east* half of lot No. 60, in the town of *Evansville.* It will be observed that the deed describes the opposite half of the lot, from that in controversy in this suit.

*Dobyns* was the purchaser under the attachment, to whom the above deed was made, and under whom the defendants claim. The proceedings in the attachment, and the sale, were in 1823.

It may be further remarked, that the execution on the attachment, as recited in the sheriff's deed, commanded him to make the money, &c., " of the lands and tenements of *Andrew Porter* heretofore attached," without any description thereof.

In reference to this branch of the defense, the plaintiff asked the Court to give the following instruction, which was refused, and exception taken, viz.:

" The sheriff's return to the attachment in the case of *Dobyns* v. *Porter,* is void for uncertainty, and does not show the facts necessary to give the Court jurisdiction, without the appearance of the defendant or process served on him."

The Court thereupon gave the following charge, which was excepted to by the plaintiff, viz.:

" If the jury believe from the evidence, that the half of the lot, or particular part of it described in the complaint, is the same half lot which was levied upon by the writ of attachment in evidence in this case, and the same that was sold by the sheriff of *Vanderburgh* county on the writ of execution issued on the judgment in attachment in the same case, and the same that was intended to be conveyed by the sheriff's deed to *Thomas J. Dobyns,* also in evidence;

and that the same was misdescribed in the sheriff's deed by mistake; and that the said half lot in controversy is the one referred to in the return on the attachment, in the return to the execution, and in the sheriff's deed; and that the defendants have acquired the title then intended to be conveyed to *Dobyns* by the sheriff's deed, by proper conveyances; then the jury will be authorized to find that the defendants are equitably entitled to the premises, and to find a verdict in their favor.

" If the facts are not sufficiently established by the evidence, the jury will leave the proceedings in attachment out of view in the consideration of this case, and determine the matters in controversy independently of those proceedings, as such proceedings are irregular on their face, and can only be made available in this case by such proof as above indicated."

It is urged by counsel for the appellant, that the charge above asked should have been given, and the one given by the Court should have been withheld, because the proceedings in attachment were void (at least so far as the property in controversy is concerned), and cannot be aided by any parol or extrinsic evidence, and in this view we concur.

We think the proceedings in attachment void for uncertainty as to the property attached and ordered to be sold; and that being matter of record they could not be explained by extrinsic evidence. They were *ex parte* proceedings without personal service on the defendant, who did not appear, and in such cases great strictness and certainty are required. There was no judgment, except *in rem*, and that against an uncertain one-half of the lot named. In the case of *Law* v. *Smith*, 4 Ind. R. 56, it was held that a levy on the property of the defendants without designation of the kind, quantity or value, without any memorandum removing the uncertainty, was void. In *Waters* v. *Duvall*, 6 Gill & Johnson, 76, it was held that a return by a sheriff to a writ of *fieri facias*, that he had levied it upon a part of a tract of land, was void for uncertainty.

In an attachment and sale of real estate, the property

CASES IN THE SUPREME COURT

ought undoubtedly to be described with sufficient certainty to enable the purchaser to know the particular tract or parcel intended.    This is not done in the case before us.

On the supposition that the sheriff *intended* to levy the attachment on the part of the lot in controversy in this suit, and sold the same, and intended to convey the same by his deed to the purchaser, we think that parol and extrinsic evidence is wholly inadmissible to show those facts.

The proceedings in attachment were matters of record, and where the law requires an entry to be made in a Court of justice of particular transactions, the official entry excludes all independent evidence of the transaction.    1 Phil. Ev. 425.

We are of opinion that the Court erred in leaving it to the jury to say whether or not the defendants had an equitable title derived from the proceedings in attachment, and that if so, they were authorized to find for the defendants. The charge asked by the plaintiff, above noticed, is substantially correct, and should have been given.

Had there been no other question involved in the case but the one of adverse possession, as before remarked, we should not reverse the case on the evidence before us, but inasmuch as the evidence on that branch of the defense is not clear, and as the jury may have found their verdict on the paper title set up, we think the judgment should be reversed.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded for a new trial.

*J. G. Jones* and *J. E. Blythe*, for the appellant (1).

*C. Baker*, for the appellees (2).

---

(1) Counsel for the appellant cited authorities as follows:

1. Adverse possession must be made out clearly and positively. *Jackson* v. *Sharp*, 9 Johns. 168.—*Wickham* v. *Conklin*, 8 *id*. 220.    To make possession of 20 years a bar, it must be shown to have been open, notorious, actual, visible, exclusive and continuous. 2 Smith's Lead. Cas. 414.—*Jones* v. *Chiles*, 2 Dana, 35.    Suing for trespass, paying taxes and speaking publicly of the claim, are not sufficient to constitute an adverse possession. *Lessee of Ewing* v. *Burnet*, 1 McLean, 267, affirmed by the Supreme Court of the *United States* in 11 Pet. 41.

2. Plaintiffs proceeding by attachment are held to great strictness. *O'Brien*

v. *Daniel,* 2 Blackf. 291.—*Robertson* v. *Roberts,* 1 A. K. Marsh. 247. The re-
turn of the attachment must describe the property attached. *Law* v. *Smith,* 4
Ind. R. 56. Extrinsic evidence is not admissible to explain proceedings in
attachment. 3 Stark. Ev. 999.—Gresley's Eq. Ev., pt. 2, ch. 3198. ·
· 3. An execution upon several judgments is void. *Doe* v. *Rue,* 4 Blackf·
263.

(2) Appellees' brief missing.