### The Eel River Draining Association *v.* Topp and Another.

In a suit by a draining association, to recover an assessment for benefit to land by drainage, it is not necessary that the complaint should set out the organization of the association, as, by the statute, the existence of such corporation must be judicially taken notice of by the Courts of the county where the articles are recorded.

Neither is it necessary that the completion of the drain should be averred, as such completion is not a condition precedent to the right to collect assessments.

The land benefited must be described in the assessment with such reasonable certainty as will make the record of it notice, and in the complaint and decree of sale with such certainty as will enable the sheriff to identify it.

The description should be as certain as is necessary in a mortgage, or notice of a mechanic's lien.

The report of the appraisers is only *prima facie* evidence of the amount of benefit, and quantity of land benefited.

May Term,
1861.

APPEAL from the *Boone* Common Pleas.

PERKINS, J.—Suit by the *Eel River Draining Association* against *Topp*, to recover an assessment for benefit to land by drainage, and for sale of the land. Demurrer to the complaint sustained, on the ground that it did not contain facts constituting a cause of action, and final judgment for defendant.

EEL RIVER,
&c.
ASSOCIATION
v.
TOPP.

Tuesday,
June 4..

It was not necessary that the complaint should set out the organization of the association; for, by the statute, " the existence of such corporation shall be judicially taken notice of in the Courts of the county, or counties, in which the articles are recorded, without the same being specially pleaded. 1 R. S., § 5, p. 257. See *Herod et al.* v. *Rodman, ante,* p. 241. The complaint describes the location of the drain, the assessment of the benefit, the demand for its payment, refusal, &c. It was not necessary that the completion of the drain should be averred; such completion is not a condition precedent to the right to collect assessments. It is objected, that the description of the tract of land benefited is not sufficiently particular and certain.

As the statute requires the assessment to be recorded in the recorder's office of the county, and constitutes it a lien upon the particular tract of land benefited, (which lien may be enforced by a suit against the owner of the particular land, whoever he may be, at the time of proceeding to enforce it,) it is undoubtedly necessary, that the land should be described with such degree of certainty as to make the record notice; and in the judgment for its sale, with such certainty as will enable the sheriff to identify it, in proceeding to sell. See 1 R. S., pp. 258, 259. To enable the Court to be thus certain, the appraiser's description should be as certain as is necessary in a mortgage, or notice of mechanic's lien, that the record may show the identity of the land in the two descriptions. The description in this case, by the appraisers, was as follows :

" A tract of land owned by *Charles Topp,* being south-east quarter, north-west quarter, section 15, town. 18, R. 1 west; also, part of west part of north-west quarter, section 14, town. 18. Number of acres benefited, fifty. Amount of benefit

$225." In the complaint, the description is the north-east quarter of the north-west quarter, &c.; not the land assessed. The description is likewise too vague.

We think the complaint does not make, under the provisions of the statute, a *prima facie* case against the defendant. And, it may be remarked, by § 17 of the act it is provided, that " In any such action, the defendant may, if not a member of the association, deny that the work is of public utility, or that he is, or will be, (that is, that his land assessed is, or will be,) benefited thereby to the amount of the assessment, or any part of it; and he may insist, whether a member or not, upon any other defense, to show that he ought not to pay the assessment, or any part of it." It thus appears that it may be necessary for the Court, upon the trial, to determine what lands of those assessed are benefited, and what not, and how much, &c.; and hence, to make out a new description of such as may be benefited, in the judgment for sale. The report of the appraisers is only *prima facie* evidence as to the amount of benefit, and quantity of land benefited.

*Per Curiam.*—The judgment is affirmed, with costs.

*O. S. Hamilton* and *D. H. Hamilton*, for the appellant.

*A. J. Boone*, for the appellees.