## MUNGER and Another *v.* GREEN.

EVIDENCE—DESCRIPTION.—A decree for the enforcement of a mechanic's lien, in which the property is described as "one acre, more or less, lying north of, and adjoining the north-west corner of *Sixby's* addition to the village of *VanBuren*, in the county of *LaGrange*, State of *Indiana*," is void for uncertainty, and is not competent evidence to sustain a Sheriff's deed, made in pursuance of an order of sale issued upon such decree.

PAROLE EVIDENCE.—It is not competent in such cases, by parole evidence, to correct a radical defect in the description of property directed by such decree to be sold, or to identify it with that claimed by the purchaser under a sheriff's deed; and where the notice of lien filed by the mechanic describes the property as above set forth, and adds that it is the same land "conveyed to said *G.* by one *E. B.*," said last named deed will not be competent as evidence to sustain such decree, for such decree must itself contain an intelligible description of the property.

APPEAL from the *LaGrange* Common Pleas.

WORDEN, J.—This was an action by *George Green*, the appellee, against *Ira Green* and one *Munger*, the appellants, to foreclose a mortgage, executed by said *Ira*, to the plaintiff. *Munger* claimed the property by virtue of a purchase under an execution against said *Ira Green*. Judgment for the plaintiff.

There is but one question raised in the case, and that relates to the rejection of certain evidence offered by *Munger*. He, in support of his title, offered in evidence a copy of a mechanic's lien, filed in the proper office; the judgment of the proper court enforcing the lien and ordering the land to be sold; an execution issued upon the judgment and the sheriff's return; and a deed from the sheriff to himself. This evidence was rejected. The ground of objection to the evidence appears to have been that the land attempted to be sold was not sufficiently described in the proceedings, to vest

any title in *Munger*, and this objection, in our opinion, was well taken, and the evidence properly rejected. The land is described in the order of sale and sheriff's deed, as follows: "One acre more or less, lying north of, and adjoining the north-west corner of *Sixby's* addition to the village of *Van-Buren*, in the county of *La Grange*, and State of *Indiana*." In the notice of the lien filed the land is described in the same manner, with the additional statement that the land "was conveyed to said *Green*, by one *Erastus Bartle*."

It is claimed that inasmuch as the notice of the lien refers to the land as having been conveyed to *Green* by *Bartle*, the deed from *Bartle* to *Green* may be referred to for a description of the land. But granting this position, it is not perceived how it would benefit the appellants. The deed from *Bartle* to *Green* was not offered in evidence, but had it been, it could not have aided the defective description in the order for the sale, and the sheriff's deed. If the conveyance from *Bartle* to *Green* was available for the purpose indicated, it should have been used in furnishing a description of the land when the order of sale was made, so that an intelligible description might have been contained in the order, and consequently in the sheriff's deed.

The description of the land, as contained in the order of sale and sheriff's deed, is evidently too vague and indefinite to pass the title to any land. In addition to the uncertain quantity, "an acre more or less," the location of that unknown quantity is no more certain or definite. To be sure, it lies north of, and adjoins the north-west corner of *Sixby's* addition to the village. Now that north-west corner is but a point, and the land lies north of, and adjoins this point, but it must have length and breadth, which the point indicated has not. It can not all lie north of, or adjoin the point indicated. How far the boundaries extend east, west or north of the point named, can not be gathered from the description

given. No title passed to *Munger* by his purchase. *Porter* v. *Byrne*, 10 Ind. 146. *Eel River, &c.; Association* v. *Topp*, 16 Ind. 242.

The defendant, *Munger*, offered parole evidence to show the identity of the land claimed by him under his purchase, with that described in the mortgage; but this evidence was also rejected. This could not have been error, as no parole evidence could cure the radical defect in the description above mentioned. *Porter* v. *Byrne, supra.*

*Per Curiam.*—The judgment below is affirmed, with costs.

*J. M. Flagg*, for the appellants.

*Robert Parrott*, for the appellee.