## THE CITY OF CRAWFORDSVILLE *v.* IRWIN ET AL.

MECHANIC'S LIEN.—*Personal Liability.*—*Notice to Building Committee of City Council.*—A notice to the members of a building committee of the common council of a city, that the persons giving the notice have filed a lien on a building being constructed by the city under the supervision of the committee, and' that said members will be held liable to a certain amount for brick furnished for said building, will fix no personal liability on the city.

SAME.—*Defect in Notice.*—Such personal notice must show to whom the materials have been sold.

PLEADING.—*Complaint on Mechanic's Lien.*—A complaint to enforce a mechanic's lien must show that the notice of lien was filed within sixty days after the completion of the building. An averment that the notice was filed within sixty days after the money was to have been paid is insufficient.

MECHANIC'S LIEN.—*Uncertainty in Notice.*—Notice of an intention to hold a mechanic's lien on a part of lot No. 110, and the improvements thereon, in the original plat of a city named, is radically defective for uncertainty in the description.

SAME.—*Pleading.*—*Complaint.*—A complaint to enforce a mechanic's lien for materials furnished to the contractor must show the amount due. An averment that a notice of lien to a certain amount was filed is not equivalent to an averment that that or any other amount was due.

From the Montgomery Circuit Court.

*J. E. McDonald, J. M. Butler,* and *J. M. Cowan,* for appellant.

WORDEN, C. J.—This action was brought by Volney Q. Irwin and Tilghman J. Lehr against Robert Alexander, Benjamin Whitset, and the city of Crawfordsville. The object of the action was to recover from the defendants the value of certain brick sold and delivered by the plaintiffs to the defendants Alexander and Whitset, and to enforce a lien against the city upon real estate. Such proceedings were had as that judgment was rendered against the city for the debt and for the enforcement of the supposed lien. From this judgment, the city appeals, and has assigned, amongst other alleged errors, that the complaint does not state facts sufficient to constitute a cause of action against her. This assignment of error makes it proper that we should first examine the complaint, and if found radically defective as against the city, it will be unnecessary to consider any questions involved in the subsequent proceedings.

The City of Crawfordsville *v.* Irwin *et al.*

The complaint was in four paragraphs. The first alleges, in substance, that Alexander and Whitset were emyloyed by the city to erect a brick building, for the city, on part of lot No. one hundred and ten (110) on the original plat of the town (now city) of Crawfordsville; that the plaintiffs sold and delivered to Alexander and Whitset one hundred and eighty thousand bricks, at seven dollars and fifty cents per thousand, for said building; that the plaintiffs, within sixty days after the money was to have been paid for the brick, filed and caused to be recorded in the proper recorder's office the following notice, viz.:

"To all whom this may concern, notice is hereby given that the undersigned intend holding a lien upon the following real estate and the improvements thereon, belonging to the city of Crawfordsville, described as follows: part of lot No. 110 in the original plat of the city of Crawfordsville, to secure the payment of thirteen hundred and fifty ($1,350) dollars, per bill as follows, for materials: October 16th, 1872, one hundred and eighty thousand brick at seven dollars and fifty cents per thousand, thirteen hundred and fifty dollars.

"Witness our hands and seals this 17th day of October, 1872.                              IRWIN & LEHR."

The paragraph further alleges that the plaintiffs served upon Robert E. Bryant, Lucas A. Foote, and H. H. Crist, the building committee appointed by the common council of the city, the following notice, viz.:

"CRAWFORDSVILLE, October 17th, 1872.

"R. E. Bryant, L. A. Foote, H. H. Crist, Gents: This is to notify you that we have filed a lien on the engine house now in course of construction in this city, and we will hold you for amount, thirteen hundred and fifty ($1,350) dollars, now due us for brick furnished for said building.

"IRWIN & LEHR."

It is further averred that the common council of the city, after they had notice of the filing and recording of the lien as aforesaid, paid Alexander and Whitset the sum of four thousand dollars for work and labor on said building; that

the sum above specified as due to the plaintiffs remains due and unpaid; wherefore, etc.

Section 649 of the statute on the subject of mechanic's liens (see *Barker* v. *Buell*, 35 Ind. 297, where the entire provisions are collected) provides for a personal action in certain cases, by the sub-contractor, material man, etc., against the owner, by giving the notice therein specified. But it is clear that the notice addressed to Bryant and the other members of the building committee does not fix a personal liability upon the city. This notice not only does not state to whom the brick were sold, in other words, who were the debtors of the plaintiffs, as would seem to be required by the statute, but it does not notify any one that the plaintiffs would hold the city liable for the claim. It purports, on its face, to notify the persons to whom it was addressed that the plaintiffs would hold them liable. The obvious and unmistakable purpose of the notice was to inform the persons to whom it was addressed that the plaintiffs had filed a lien. If the lien fails, the action fails, as no foundation is laid by this notice for a personal action against the city. This brings us to the lien itself.

Section 650 of the act provides, that "any person wishing to acquire such lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, within sixty days after the completion of the building or repairs, notice of his intention to hold a lien upon such property for the amount of his claim," etc. It does not appear by the averments that the notice was filed within sixty days after the completion of the building. The averment is, that the notice was filed within sixty days after the money was to have been paid for the brick. This may or may not have been within sixty days after the completion of the building. But, besides this, we regard the notice of the lien as radically defective for uncertainty in the description of the property. Whether the uncertainty could have been cured by averment, we need not decide, as no averments having that object were made. "A part of lot No. 110" is descriptive of no

particular property. What part of the lot, or how much of it, can not be determined. Under this description, what would the sheriff sell or the purchaser buy? The case of *Howell* v. *Zerbee*, 26 Ind. 214, is exactly in point. There the court say: "We think, to constitute a valid lien under the statute, that the lot or land on which the building is situated should be described with such certainty that it may be definitely ascertained and located. Here the description is, 'a part of lot 3, section 36, township 33, range 4 west, containing five acres, situated in Starke county, and State of Indiana.' It contains a patent ambiguity, in not defining the particular part of lot 3 intended, and there is nothing in the description by which the part intended can be ascertained and rendered certain. It is therefore void for uncertainty." See, also, the cases of *The Eel River Draining Association* v. *Topp*, 16 Ind. 242, *Munger* v. *Green*, 20 Ind. 38, and *Cochran* v. *Utt*, 42 Ind. 267. We conclude for these reasons that the error is well assigned as to the first paragraph of the complaint.

We come to the second. This paragraph, as we understand it, does not purport to set up any cause of action against the city. It alleges an accounting between the plaintiffs and Alexander & Whitset of and concerning the brick delivered for the building of the engine house and of the money paid thereon, and that there was found due the plaintiffs the sum of one thousand and twenty-seven dollars and fifty cents, and that the defendants Alexander & Whitset executed to the plaintiffs the following order on the city, which the city refused to accept, viz.:

" *To the City Council:*

"Gents.—You will please pay V. Q. Irwin one thousand and twenty-seven dollars and fifty cents for brick delivered for the engine house.

"Crawfordsville, December 6th, 1872.

"Alexander & Whitset."

The paragraph concludes: "Wherefore the plaintiffs say that said defendants Alexander & Whitset are indebted

to them in the sum of one thousand and twenty-seven dollars and fifty cents, which remains wholly unpaid; wherefore the plaintiffs demand judgment," etc.

It is clear that this paragraph sets up no facts that constitute a cause of action against the city.

The third paragraph does not allege that the plaintiffs furnished Alexander & Whitset any brick for the building, but alleges that the plaintiffs " for the purpose of securing the payment of their claim against said defendants Alexander & Whitset, and securing the payment of such judgment as they might obtain against said defendants, and to prevent, if possible, the payment of money by said city council, which might under other circumstances be due to said defendants, caused notice of their intention to hold a lien on said premises and building to the amount of thirteen hundred and fifty dollars, for materials furnished for said city building, which said notice of lien was duly filed and recorded in the recorder's office of said county, in pursuance of the statute in such cases made and provided, of which the said city of Crawfordsville had due notice; wherefore the plaintiffs pray," etc. This paragraph is radically defective, and is scarcely intelligible without reference to the preceding ones. Without adverting to other defects, it may be observed that it is not alleged that the sum of thirteen hundred and fifty dollars, or any other sum, was due from Alexander & Whitset. It alleges that the plaintiffs filed a notice of their intention to hold a lien for that amount, but this is not equivalent to an allegation that that or any other amount was due them from Alexander & Whitset. Nor does it appear that the notice was filed within the time required after the completion of the building, and no copy of the notice is set out.

The fourth paragraph alleges, in substance, that Alexander & Whitset were employed by the city to erect the building on part of lot No. 110; that the plaintiffs sold and delivered to Alexander & Whitset one hundred and eighty thousand brick for the building, at the price of seven dollars and fifty cents per thousand, amounting to thirteen hundred and fifty

dollars, which sum remains due and unpaid; that the plaintiffs, at the time there was due from the city to Alexander & Whitset the sum of four thousand dollars on account of the building, gave the notice which has been hereinbefore set out, addressed to R. E. Bryant and the other members of the building committee, who are alleged to have been members of the common council, and regularly appointed by the mayor and common council of the city as the building committee for the city; that notwithstanding the notice, the city, disregarding the rights of the plaintiffs, and subsequently to said notice, paid to Alexander & Whitset the sum of four thousand dollars on account of said building; wherefore, etc.

The question arising under this paragraph is whether the notice addressed to R. E. Bryant, L. A. Foote, and H. H. Crist above set out, can be regarded as a notice to the city that the plaintiffs would hold her responsible for the amount of their claim, and whether such notice is sufficient for that purpose. In addition to what we said on this subject in considering the first paragraph of the complaint, it may be observed that if the notice was intended for any other purpose than to notify those to whom it was addressed that the plaintiffs had filed their notice of intention to hold a lien on the premises, it was to notify them, and not the city, that they intended to hold them personally responsible. The paper can not, without perverting its terms and adding to its contents, be construed as a notice to the city that the plaintiffs would hold her responsible. There is, therefore, no good cause of action against the city stated in this paragraph of the complaint.

The error that the complaint does not state facts sufficient to constitute a cause of action against the city is, in our opinion, well assigned, and the judgment against her must be reversed.

The judgment against the city is reversed, with costs, and the cause remanded, for further proceedings not inconsistent with this opinion.