## MURPHY ET AL. *v.* HENDRICKS.

MORTGAGE.—*Description.*—*Real Estate.*—*Action to Quiet Title.*—*Conveyance.*— *County Auditor.*—A mortgage to the State, executed for a loan of school funds, simply described the premises mortgaged by subdivisions, without naming the county and State wherein they were located.

*Held*, in an action by the mortgagor, to quiet his title, against a purchaser of the mortgaged premises at a sale thereof by the county auditor, that the mortgage is void for uncertainty in the description of such premises, and, therefore, that such sale by the auditor was a nullity, and vested no title in the purchaser.

SAME.—*Congressional Survey.*—*Judicial Notice.*—The congressional survey of the lands lying north-west of the Ohio river, under the various acts of Congress, is part of the public law, of which the courts of this State must take notice.

From the Grant Circuit Court.

*A. Steele* and *R. T. St. John,* for appellants.

*J. F. McDowell, G. McDowell, J. Brownlee, H. Brownlee* and *I. VanDevanter,* for appellee.

BIDDLE, C. J.—Hiram K. Hendricks brought this action to quiet the title to certain lands, described in the complaint, to which it was alleged Miles E. Murphy and William White claimed adverse title.

Issues were formed, and the case tried by the court, and a finding had in favor of appellee.

Judgment on the finding, and appeal to this court.

The sufficiency of the evidence to sustain the finding is properly presented, and we come to the question at once, as we think it is decisive of the case.

The evidence shows a title to the land described in the complaint in the appellee; that, while he was owner of the land, he executed a mortgage to the State of Indiana, to secure a note given for a loan of school funds.

The mortgage was in the following words:

" We, Hiram K. Hendricks, of the county of Grant, and State of Indiana, for the use of the school funds, mortgage to The State of Indiana all of the east half of the south-west quarter of section two, of township No. twenty-five north, of range No. seven, (to wit,) for T. 25, R. 7 E., $84.00, and for Sinking Fund, $76.00. Total, $160.

" For the payment of one hundred and sixty dollars, with interest at the rate of seven per cent. per annum, payable in advance, according to the conditions of the note hereto annexed.

" In testimony whereof, we have hereunto set our hands and seals, the 11th day of October, 1862.

" WILLIAM K. HENDRICKS. (Seal.)"

Then follow the note, the certificate of the clerk and recorder that " the land described in the foregoing mortgage " is not encumbered, the oath of the mortgagor " that he is the legal owner of the premises mentioned in the mortgage," and that there is no encumbrance upon

them, then the acknowledgment of the mortgage by the mortgagor before the auditor.

On failure of the mortgagor to pay certain instalments of interest due on the note secured by the mortgage, the auditor advertised and sold the land to the appellants, and the title derived from this sale was the only title shown by the evidence to be in appellants.

We are of opinion, that the mortgage made by the appellee is void for uncertainty in the description of the land, that it conveyed no title to the State, and that the sale by the county auditor conveyed no title to the appellants. Admitting that the land, as to the township and range, is sufficiently described in the mortgage, it nowhere states in what county or state the land is situated.

The case falls strictly within the principle of the case of *Cochran* v. *Utt*, 42 Ind. 267.

The appellants insist, that the description of the land in the mortgage can be made sufficiently certain by reference to the certificate of the clerk and recorder, and to the affidavit of the mortgagor; but in this they are mistaken. Both the certificate and affidavit simply refer to the land described in the mortgage; and, there being no sufficient description in the mortgage, there is none in the certificate and affidavit. Besides, there is no reference in the mortgage to any other paper, by which the description of the land could be made certain. It therefore does not fall within the rule, that that is certain which can be made certain.

The vast territory lying north-west of the Ohio river was surveyed upon a system of base and meridian lines, under various acts of Congress, and this congressional survey is part of the public law which we must notice.

Without naming the state or county, or without something by which the state and county could be ascertained, the description of the land in this mortgage would be just as applicable to the same township and range, in reference to any other base and meridian line, in the several

states north-west of the Ohio river, as it is to the base and meridian lines by which the survey of the lands in the State of Indiana were made. It is impossible to ascertain, therefore, from the face of the mortgage, or from any thing to which the mortgage refers, in what state or county the land described therein lies. As the mortgage is the basis of title in the appellants, we think it too uncertain to uphold their claim.

In addition to the case cited, which we regard as being in point, the following authorities fully support the same principle: *Porter* v. *Byrne*, 10 Ind. 146; *The Eel River Draining Association* v. *Topp*, 16 Ind. 242; *Munger* v. *Green*, 20 Ind. 38; *Gano* v. *Aldridge*, 27 Ind. 294; *Key* v. *Ostrander*, 29 Ind. 1; *The German, etc., Ins. Co.* v. *Grim*, 32 Ind. 249; *Harding* v. *Strong*, 42 Ill. 148; and 3 Washburn Real Property, 4th ed., pp. 384 to 412.

We think the decree of the court is correct.

The judgment is affirmed, with costs.