## LEWIS v. OWEN ET AL.

CONVEYANCE.—*Defective Description.*—*Foreclosure of Mortgage.*—*Void Sheriff's Deed.*—*Reformation of.*—*Mistake.*—A sheriff's deed of conveyance of real estate, founded upon a sheriff's sale of the same on a decree of foreclosure of a mortgage, describing the premises as "*part of* lot No.," etc., is void for uncertainty, and can not be reformed.

From the Putnam Circuit Court.

*D. C. Donnohue* and *H. H. Mathias*, for appellant.
*C. C. Matson* and *J. Birch*, for appellees.

BIDDLE, J.—Complaint on a special paragraph, for the possession of land, setting out the title by a sheriff's deed, derived through a judicial proceeding on the foreclosure of a mortgage, decree of sale, sale under the decree and deed to the purchaser.

Demurrer, for want of facts, sustained to the complaint.

The only questions made in the case are upon the sufficiency of the description of the premises in the deed to convey the title; and if not sufficient, whether the facts averred extrinsic to the deed will authorize its reformation, and thus obtain a sufficient description to convey the land, or whether they can be proved upon the trial, in support of the deed.

The description in the deed, of the property conveyed, is in the following words: "Part of lot No. 78, in the Eastern Enlargement to the Town (now City) of Greencastle, containing one-fourth (¼) of an acre, and bounded as follows, to wit: On the west side by a lot formerly owned by Robert Turner, on the north by a lot formerly owned by John H. Bellamy, and on the east by William Atherton, and on the south by Hanna street, in Putnam county, State of Indiana."

Deeds of conveyance, as to the description of the premises conveyed, must be construed liberally, and, in cases of this kind, will be upheld whenever the description is

sufficient to direct the sheriff in the execution of a writ of possession, without the exercise of any other than executive powers ; otherwise the deed must be held void for uncertainty. By the description before us, it would be impossible for the sheriff to find the premises by the face of his writ, and without the exercise of powers not granted to him as an officer. We think the deed set out in this case is void for uncertainty in the description of the premises. *Davis* v. *Cox*, 6 Ind. 481; *Porter* v. *Byrne*, 10 Ind. 146; *Howell* v. *Zerbee*, 26 Ind. 214 ; *Gano* v. *Aldridge*, 27 Ind. 294; *Key* v. *Ostrander*, 29 Ind. 1; *Nolte* v. *Libbert*, 34 Ind. 163; *White* v. *Hyatt*, 40 Ind. 385 ; *Struble* v. *Neighbert*, 41 Ind. 344.

Can a sheriff's deed be reformed in the description of the premises, or can the defects in the description be aided by extrinsic averments ? We think not. To do so would be to change the effect of the proceedings and decree upon which it is founded. A final judgment of a court can not be affected in that way. Upon principle, and by authority, this question is well settled. *Mahan* v. *Reeve*, 6 Blackf. 215 ; *Munger* v. *Green*, 20 Ind. 38; *Rogers* v. *Abbott*, 37 Ind. 138 ; *Cochran* v. *Utt*, 42 Ind. 267 ; *Miller* v. *Kolb*, 47 Ind. 220.

The court committed no error in sustaining the demurrer to the complaint.

The judgment is affirmed, at the costs of the appellant.