## BURTON ET AL. *v.* FERGUSON ET AL.

MORTGAGE.—*Defective Description in Decree of Foreclosure.—Jurisdiction.—Presumption.*—A mortgage duly describing a tract of land in a certain county in this State was foreclosed in the circuit court of that county, but the judgment did not mention the name of the county and State, in describing such tract, though it was as fully described in the sheriff's deed as it was in the mortgage.

*Held,* in an action by the judgment defendants, against the purchaser, to quiet title on account of such defective description, that the Supreme Court takes judicial notice of the county within which any particular section, township and range lie; and therefore, as the county within which such suit was brought contains such a section, township and range, and as the circuit court is one of general jurisdiction, that the land described in the judgment lies within that county.

SAME.—*Sale to Plaintiff, on his Payment of Costs and Receipting for Amount of Judgment.*—Where judgment of foreclosure is rendered upon a mortgage securing both matured and unmatured notes, and the land is ordered to be sold as not divisible, the plaintiff may bid the whole amount due and to become due and costs, and, upon paying the costs and simply receipting for the whole amount of the judgment, the same will constitute a valid payment.

SUPREME COURT.—*Certiorari.—Submission.—Notice.*—A certiorari may be had after submission, upon due notice.

SAME.—*Transcript Imports Verity.*—The Supreme Court takes the record of a cause as it is certified up, as importing absolute verity, leaving the parties to their right to obtain a certiorari to correct omissions or alterations.

From the Morgan Circuit Court.

*T. E. Johnson* and *J. M. Jordan,* for appellants.

*W. R. Harrison* and *W. E. McCord,* for appellees.

WORDEN, J.—Action by the appellees, against the appellant, to quiet the plaintiffs' title to certain lands lying in Morgan county, Indiana.

Issue; trial; verdict and judgment for the plaintiffs.

The main question in the case grows out of the following facts:

James E. Burton and wife executed a mortage to James J. Maxwell and Cynthia A. Maxwell, upon certain lands, properly described and stated in the mortgage to be situate in Morgan county, Indiana. The mortgage was duly foreclosed in the Morgan Circuit Court, and the mortgaged premises sold by the sheriff, the plaintiffs receiving the sheriff's deed therefor.

In the judgment of foreclosure, the land mortgaged is fully and correctly described as to section, township and

range, but it is not said to be in Morgan county, Indiana, though it is said, in the sheriff's deed, to be in that county and State.

It is claimed by the appellants, that the failure to show, in the judgment of foreclosure, in what county and State the land was situate, vitiated the sale, and that, in consequence thereof, no title passed to the purchaser. We, however, take a different view of the question. In *Murphy* v. *Hendricks*, 57 Ind. 593, it was held that a mortgage to the school fund, of land fully described as to section, township, and range, without stating in what county or State it was situate, was void, and that a sale of the land by the auditor, on failure to pay instalments due, conveyed no title. So, also, it was held in the case of *Lewis* v. *Owen*, 64 Ind. 446, that a sheriff's deed, founded on a sale on the foreclosure of a mortgage, must be sufficiently certain, as to the description of the land, to enable a sheriff to execute a writ of possession thereof, without any other than ministerial powers.

We have seen that the mortgage stated the land to be in Morgan county, Indiana, and that or a copy thereof was a part of the record in the foreclosure suit; and, while the judgment of foreclosure did not show the land to be in Morgan county, the entire record in that cause did. It would seem that the entire record might be referred to, for the purpose of showing that the land was situate in that county. But, if this be regarded as doubtful, there is another ground on which it must be held that the proceedings were valid and a good title passed by the deed.

The case differs from those above noticed in some particulars, and from all others that we are aware of, in which deeds have been held void for want of a sufficient description of the land sought to be conveyed. In *Murphy* v. *Hendricks, supra,* there was nothing to which reference could be made for the purpose of showing that the land was situ-

ate in the State, nor was there any thing that raised any legal presumption that it was.

In *Lewis* v. *Owen*, *supra*, it did not appear that the mortgage on which the judgment of foreclosure was entered was any more definite in its description of the property mortgaged, than the sheriff's deed. Besides, the difficulty in that case was not that the property was not shown to be in the county where the foreclosure was had (that was shown by the deed), but the uncertainty was as to what part of a lot in Greencastle was intended to be conveyed. We do not see how such uncertainty in the sheriff's deed could have been remedied by reference to the mortgage, as contained in the record of foreclosure, even if the mortgage had been more certain. But it seems to us that it might perhaps be competent in such cases to refer to the record of foreclosure, for the purpose of showing that the land mortgaged, otherwise well described in the judgment of foreclosure, was situate in the county; while it might not be competent to refer to the record to aid an uncertain description in a sheriff's deed of land lying in the county. However this may be, we proceed to the ground on which we decide the question.

We take judicial notice of the public surveys of the State, and, therefore, that land corresponding with that described in the judgment of foreclosure lies in Morgan county, Indiana, and in no other county in the State. And, as the Morgan Circuit Court entered the judgment of foreclosure, it will be presumed that the land mentioned in the judgment was the land in Morgan county bearing the same description. If not in Morgan county, the court would have had no jurisdiction to enter the judgment of foreclosure; and the presumption is in favor of the jurisdiction of the court. *Brownfield* v. *Weicht,* 9 Ind. 394; *Godfrey* v. *Godfrey,* 17 Ind. 6; *Waltz* v. *Borroway,* 25 Ind. 380; *The Board of Comm'rs of Clay Co.* v. *Markle,* 46 Ind. 96.

By presumption of law, therefore, the sheriff's deed, even if it had not specified the county or State in which the land was situate, it being based upon a judgment of foreclosure rendered in Morgan county, would be considered as having reference to the land in that county bearing the description mentioned in the judgment of foreclosure and deed.

The appellants have moved to strike out certain parts of the bill of exceptions sent up in response to a *certiorari*, on the ground, among other things, as we understand the brief, that no *certiorari* will be awarded after the submission of a cause, and the case of *Clark* v. *Wright*, 67 Ind. 224, is cited. That case does not decide that a *certiorari* will not be granted after submission, but that in such case notice must be given as required by Rule 37. Due notice was given in this case.

The appellants have also filed affidavits tending to show that the bill of exceptions was altered after it was signed by the judge, by inserting additional matter.

We can not try the correctness of a record on affidavit, but must take it as correct, as it comes up to us under the hand and seal of the clerk of the court below. If it is wrong, the remedy of the party complaining is to have it corrected in the court below, and the corrected record may be sent to us on *certiorari*.

It is due to the counsel for the appellees to say, however, that the alterations were shown to have been not only innocently, but very properly, made, with the concurrence of the judge and one of the counsel for the defendants in the cause below.

It is objected that the land was sold on a credit, and was not paid for by the purchaser. There is nothing in this objection whatever.

The mortgage was given to secure the payment of several notes, some of which had not matured; but it was

found in the judgment of foreclosure, that the lands were not susceptible of division. The land was bid in by the holder of the judgment for enough to pay the entire debt and costs, and he paid the costs to the sheriff and receipted the judgment. This was entirely regular and proper.

It is suggested that the complaint was bad, because it did not allege that Burton claimed the land adversely to the plaintiffs. The complaint is clearly sufficient in this respect, and there is no error in the judgment below.

The judgment below is affirmed, with costs.