No. 13,687.

PECK v. SIMS.

REAL ESTATE.—*Description.*—*Judicial Notice.*—Judicial notice is taken that land in this State described as "the east half of the southeast quarter of section 22, township 23 north, range 10 east," is not a fractional eighty-acre tract of land.

SAME.—*Indefinite Description.*—*Void Sale.*—A sale of real estate by the following description, viz., "the fractional east half of the southeast quarter of section 22, township 23, range 10 east, containing sixty-one acres more or less, in Blackford county, Indiana," is void, the description being too indefinite to furnish the means of identifying the land.

SAME.—*Deed to Land Adversely Held.*—*Action to Recover.*—*Statute Construed.* —Section 1073, R. S. 1881, providing that any person having a right to recover possession of or quiet title to real estate in the name of another, shall have a right to sue in his own name, gives validity to deeds which prior to its passage were void as against a third person in possession.

SAME.—*Real Party in Interest.*—Under sections 1073 and 251, R. S. 1881, construed together, one who has conveyed land adversely occupied by another can not maintain an action in his own name to recover possession for the benefit of his grantee, but such action must be brought in the name of such grantee, who is the real party in interest.

From the Blackford Circuit Court.

*W. A. Bonham* and *C. E. Shipley,* for appellant.

*W. H. Carroll* and *E. Pierce,* for appellee.

COFFEY, J.—This action was commenced in the Blackford Circuit Court to set aside a decree entered in an attachment proceeding and to quiet title to the land described in the complaint. The complaint, omitting the formal parts, is substantially as follows:

" James E. Sims, for the use of Peter Drayer, complains of Elias D. Peck and says that the plaintiff is the owner of the following described real estate in Blackford county, Indiana, to wit: The east half of the southeast quarter of section 22, township 23 north, of range 10 east, except twenty

acres off of the north end thereof, and also except one acre off of the southeast corner thereof; that defendant claims to be the owner of said land, as follows: That on the 12th day of February, 1877, one Gilbert Wilson procured to be issued a writ of attachment against the property of James M. Sims, a non-resident of the State of Indiana; that the sheriff of said county made return of said writ as follows: 'Come to hand February 12th at 4 o'clock P. M. Served the same by taking with myself Jesse H. Dowell, a creditable householder of the county of Blackford, and did then and there· attach the following described real estate, to wit: The fractional east half of the southeast quarter of section 22, township 23, range 10 east, containing (61) sixty-one acres more or less, situate in Blackford county, Indiana, which real estate is appraised at twenty dollars per acre.

(Signed)        " ' JESSE H. DOWELL.

" ' CHARLES A. RHINE, Sheriff.'

" That afterwards, at the May term, 1877, such proceedings were had that the court rendered judgment in favor of said Gilbert Wilson and one Alexander Sims, who had become a party under said attachment proceeding, for the amount of their claims, and made an order for the sale of said real estate as described in said levy; that said judgment was made without other notice to the said Sims than a newspaper publication, which publication was made upon an affidavit as follows, to wit:

" Gilbert Wilson *v*. James M. Sims.   *Attachment*.

" Blackford Circuit Court, March Term, 1877.

" On this 7th day of March, 1877, comes into open court John Brownlee, of lawful age and a disinterested person, who on oath states that James M. Sims, one of the defendants in the above cause, is not a resident of the State of Indiana; that said cause is an attachment which has been levied on real estate, and further saith not.      J. BROWNLEE.

" Subscribed and sworn to, this March 7, 1877.

" JAMES B. WEIR, Clerk."

Peck *v.* Sims.

That said James M. Sims had no other notice of said action; that the clerk of said court afterwards issued a special execution to the sheriff of said county, describing the real estate as in the order of the court and in the levy aforesaid, and afterwards the sheriff sold, or made a pretended sale, of the same to one Samuel Peck, without giving any newspaper notice of said sale, and at the expiration of one year executed to said Samuel Peck a deed describing no land except as in said levy, order of sale, and execution; that there is no such real estate as thus described; that afterwards said Peck made a pretended purchase of said land, at private sale, for delinquent taxes, and within two years the auditor of said county executed to said Samuel Peck a tax deed, describing said real estate as a fraction of east half of said southwest quarter; that the defendant is in possession, and claims to be the owner of the land described first herein by conveyance from Samuel D. Peck under said conveyance above set forth; that at the time of said attachment the said James M. Sims was the owner of the land first above described, who, however, with his wife, at the rendition of said judgment, has since conveyed the same to the said Peter Drayer; the plaintiff asks an accounting, and offers to pay to defendant whatever may be due him on account of taxes, or any other just claim, and asks that his title be forever quieted and confirmed; that he recover possession thereof; that judgment and sheriff's sale be set aside, and for all other general and proper relief."

During the pendency of the action the defendant, Elias D. Peck, died, and the appellant, who is his only heir, was brought into court by a supplemental complaint. The appellant being a minor, the court, upon proof of that fact, appointed William A. Bonham as his guardian *ad litem.* Said guardian filed a demurrer to the above complaint for the reasons: 1st. That said complaint does not state facts sufficient to constitute a cause of action. 2d. That there is a defect of parties plaintiff in this, to wit, that the facts stated in the complaint do not show that James M. Sims has

any interest in the real estate in controversy, and is neither a proper nor necessary party plaintiff herein.

The court overruled this demurrer and the appellant excepted. The appellant then answered the complaint by a general denial, and also filed a counter-claim in which he set up the several liens upon the land in controversy, paid by the claimants under the sheriff's sale set up in the complaint, and prayed that the amount of such liens might be ascertained, and that the appellant might be subrogated to the rights of the original lien-holders.

The cause was tried by the court, who found for the appellee upon his complaint, ascertained the amount of the liens paid by those claiming title under the attachment proceeding, entered a decree quieting the title of the appellee, and decreed that the appellee should pay to the appellant the liens paid, within a given time, and that in default thereof the land should be sold for the payment of the same. The errors assigned in this court are:

*First.* That the court below erred in overruling the demurrer to the complaint.

*Second.* That the court erred in overruling the appellant's motion for a new trial.

*Third.* That the court had no jurisdiction of the action, or of the defendant.

*Fourth.* That the special judge trying the cause had no jurisdiction of the cause, or of the defendant.

We know judicially that the east half of the southeast quarter of section twenty-two (22), in township twenty-three (23) north, of range ten (10) east, is not a fractional eighty-acre tract of land. The courts take judicial notice of the geography and topography of the State and of the United States surveys. *Hays* v. *State*, 8 Ind. 425; *Glenn* v. *Porter*, 49 Ind. 500; *Bannister* v. *Grassy Fork, etc., Ass'n*, 52 Ind. 178; *Murphy* v. *Hendricks*, 57 Ind. 593; *Carr* v. *McCampbell*, 61 Ind. 97.

The description contained in the return of the sheriff to

the writ of attachment, as we have seen, is as follows: " The fractional east half of the southeast quarter of section 22, township 23, range 10 east, containing sixty-one (61) acres more or less;" and the question for our consideration is, is this a sufficient description?

It is not the office of a description to identify the land conveyed, but to furnish the means of identification. *Scheible* v. *Slagle*, 89 Ind. 323; *Burrow* v. *Terre Haute, etc., R. R. Co.*, 107 Ind. 432. In the case of *Howell* v. *Zerbee*, 26 Ind. 214, it was held that a description as follows was not a good description: "Situated in the county of Starke, and State of Indiana, a part of lot 3, section 36, in township 33, range 4 west, containing five acres."

In the case of *Porter* v. *Byrne*, 10 Ind. 146, it was held that a description as " One-half of lot 60, in the town of Evansville" (not showing which half), was bad.

In *Jolly* v. *Ghering*, 40 Ind. 139, a description as follows: " In Montgomery county, part of the southwest quarter of section —, township nineteen, range four west, containing," etc., was held bad.

In *City of Crawfordsville* v. *Irwin*, 46 Ind. 438, a description as follows: " On part of lot No. 110 in the original plat of the city of Crawfordsville," was held bad for uncertainty.

In the case of *Buck* v. *Axt*, 85 Ind. 512, the description in a school fund mortgage, which described the land as " The northeast part," of a specified tract, " containing ninety acres," was insufficient, and that a sale by the auditor under such description conveyed no title.

In the case of *Shoemaker* v. *McMonigle*, 86 Ind. 421, a description as follows : " The southeast part of the southeast fourth of the northeast quarter of section 36, township four south, and range 2 east, containing thirty-two acres," was held void for uncertainty.

All that can be ascertained from the return of the sheriff to the writ of attachment is, that he levied the writ on a frac-

tional part of the east half of the southeast quarter of section 22, township 23 north, of range 10 east, containing sixty-one acres.

In what part of the eighty-acre tract this sixty-one acres is to be found is wholly unknown, and there is nothing in the description by which it can be ascertained. In our opinion, this description is too indefinite to furnish a foundation for a valid decree for the sale of the land, and that the sale made by such description is void, and conferred no title upon the purchaser. But notwithstanding the fact that the sale under the attachment proceedings is void, we think the court erred in overruling the demurrer to the complaint. Prior to 1881 a deed executed by a grantor to land in the adverse possession of another, was void as to the person in possession, and the grantee could not maintain an action in his own name for the possession of such land. The grantee could, however, maintain an action in the name of his grantor, and such grantor was not permitted to deny the use of his name for that purpose, because the deed as between him and the grantee was valid, and if the grantee succeeded in recovering the land in the name of his grantor, such recovery inured to his benefit. *Steeple* v. *Downing*, 60 Ind. 478. But section 1073, R. S. 1881, in force at the time of the commencement of this suit, provides that any person having the right to recover the possession of real estate, or to quiet title thereto in the name of any other person or persons, shall have a right to recover possession or quiet title in his own name; and no action shall be defeated or reversed when it might have been successfully maintained by the plaintiff in the name of another, to enure to his benefit.

This provision is a part of our present code, and is to be construed in connection with section 251, R. S. 1881, which provides that every action must be prosecuted in the name of the real party in interest. It affirmatively appears by the complaint now under consideration that the plaintiff in this case, James M. Sims, had conveyed the land in dispute to

Peck *v*. Sims.

Peter Drayer prior to the commencement of this suit. James M. Sims, therefore, had no interest in the land at the time he commenced this action. Section 1073 gives validity to deeds which prior to its passage were void as to the party in possession, and the action for the recovery of the lands covered by such deeds must be prosecuted in the name of the grantee. To hold otherwise would be to hold that a party in the adverse possession of lands, when conveyed, might be harassed by two suits. If the grantor may now maintain the action, if he were defeated the grantee could bring a new suit, and as he was not a party to the action brought by his grantor he would not be bound thereby. Furthermore, it does not appear from the complaint now under consideration that the appellee or his grantor was in the adverse possession of the land now in dispute at the time of the conveyance from Sims to Drayer, nor does it appear that this action is being prosecuted either with the knowledge or the consent of Drayer.

As the complaint does not state a cause of action in favor of the appellee, it follows that the court erred in overruling the demurrer thereto.

The judgment is reversed, with instructions to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

Filed October 16, 1889.