Swatts v. Bowen et al.

Filed May 15, 1895.

———————◆———————

17,322

SWATTS v. BOWEN ET AL.

STATUTE OF LIMITATIONS.—Demurrer to Complaint.—When can not be Sustained.—Unless the complaint affirmatively shows that the plaintiff does not come within any of the exceptions of the statute of limitations, a demurrer to it can not be sustained on the ground that suit on the cause of action described therein was not brought within the time the statute requires it to be brought in order to enforce it.

SAME.—Presumption When Statute Begins Running.—Date of Maturity not Stated in Complaint.—Note.—When, in an action on a promissory note, the date of maturity is not stated in the complaint, but it is alleged that it is due, the presumption is that the note was payable on demand.

SAME.—Laches not Attributable During Period of Limitations.—Delay as Evidence of Payment.—In a suit to foreclose a mortgage, laches can not be attributed to the mortgagee during the period the statute of limitations had to run; but the court or jury may consider long delay, in urging a claim, as a circumstance tending to raise a presumption of payment.

PROMISSORY NOTE.—Suit on When Lost—Endorsement to Plaintiff After Maturity.—Bond of Indemnity.—Where the payee endorses a note after its maturity, to the plaintiff, who loses it, such plaintiff need not tender a bond of indemnity to the maker in order to maintain his suit against him for its collection.

SAME.—Loss of Note.—Setting Out Copy.—The allegation in a complaint that the note sued on has been lost is a sufficient excuse for not filing a copy with the pleading.

MERGER.— When Will Not Take Effect.—Merger will not take place if it will cause an injury to the interest of the parties to the transaction; but if this prevention of merger will work an injury or wrong, or aid in effecting a fraud, equity will not interpose for the

Swatts *v.* Bowen *et al.*

prevention of the merger.   Any extraordinary circumstance, which indicates that the prevention of the merger would have such an evil effect, can be established as a defense against the interference of equity.

MORTGAGE.—*Merger.—Keeping Lien of Alive.*—Whenever it will subserve the ends of justice to keep a mortgage lien alive, it will be so kept alive unless the person holding the lien intended to merge it in the fee simple.

SAME.—*Purchase by Mortgagor.—Assumption of Junior Liens*—A mortgagor, by purchasing the fee simple or equity of redemption at a foreclosure sale, does not thereby assume the payment of all liens junior to that upon which he relies.

SAME.—*Uncertainty.—When Does Not Render Mortgage Void.*—Uncertainty in a mortgage will not render it void, if, upon proper allegations and proof, the court can render certain by decree that which is uncertain.

SAME.—*Uncertain Description.—Rendering Certain.*—Uncertainty in the description of the land intended to be mortgaged will not render the mortgage void, nor defeat a foreclosure, if, by proper allegation in the complaint, accompanied by evidence, the court can ascertain and describe with certainty in its decree the land to be sold for a satisfaction of the mortgage.

SAME.—*Decree of Foreclosure too Uncertain.—Sheriff Not Required to Search Records of County.*—A decree of foreclosure which requires the sheriff to search the records of the recorder's office of the county, in order to ascertain a description of the land to be sold by him is too uncertain and can not be enforced.

SAME.—*Uncertainty of Description.—What Must be Alleged to Enforce Against Purchasers of Equity of Redemption.*—Where the description of the land mortgaged is so uncertain that it can not be inserted in the decree of foreclosure, and a more particular description should be alleged and proved before a decree can be entered, a complaint seeking a foreclosure against a purchaser of the equity of redemption who has not assumed the payment of the debt secured by the mortgage will be bad, on demurrer, for want of facts, unless a description of such a certainty is inserted in the complaint as will be sufficient for the decree.

From the Carroll Circuit Court.

*N. J. Howe,* for appellant.

*B. K. Elliott* and *W. F. Elliott,* for appellees.

HACKNEY, J.—Allen Hobaugh, the owner of certain lands, mortgaged the same to one Grantham, who assigned

the mortgage and note secured thereby to the appellee
Bowen. Bowen sued his co-appellees and the appellant
to foreclose his mortgage, and the appellant answered
affirmatively and filed a cross-complaint seeking to fore-
close an alleged senior mortgage. Demurrers were sus-
tained to said answer and the cross-complaint, which
rulings are assigned as error. Said answer and cross-
complaint each averred substantially the same facts, and
pleaded that on the 27th day of November, 1864, a mort-
gage of said lands was executed by the then owner
thereof to the appellant's mother, who died testate, leav-
ing, by her will, said mortgage and the note secured
thereby to the appellant, who was, and still is, the owner
thereof. That by successive conveyances of said lands,
the appellant became the owner thereof on the 6th day
of October, 1886; that said note and mortgage held by
her had not been satisfied, but had been held by her in-
tending to keep the same alive and unmerged for her
protection against the mortgage of the appellee, Bowen;
that all of said mortgage debt, excepting the sum of
$12.50 paid thereon in the year 1869, was due and un-
paid. It was alleged that the note had, in 1885, been
lost by her, and that no copy could be supplied, and a
copy of the mortgage was exhibited.

The appellant's mortgage was executed nearly nine-
teen years before that of the appellee, Bowen; it was
executed twenty-two years before the appellant's pur-
chase of the land and twenty-nine years before the pres-
ent suit was instituted. Neither the cross-complaint nor
the answer alleged the time of the maturity of the note
and mortgage so asserted by the appellant.

The ruling of the court can not be upheld upon the
statute of limitations, though more than twenty years
elapsed from the date of the claim involved to the bring-
ing of this suit or the filing of the answer or cross-com-

plaint, since it does not appear affirmatively that the appellant was not within some of the statutory exceptions to the rule of limitation as prescribed in sec. 297, R. S. 1894, and sec. 296, R. S. 1881. See *Bauman* v. *Grubbs*, 26 Ind. 419. Unless the pleading disclose that the exceptions do not exist it is not subject to demurrer upon the statute of limitation. *Hogan* v. *Robinson*, 94 Ind. 138; *State, ex rel.*, v. *Younts*, 89 Ind. 313; *Lucas* v. *Labertue*, 88 Ind. 277; *Thompson* v. *Parker*, 83 Ind. 96; *Shewalter* v. *Bergman*, 123 Ind. 155; *Falley* v. *Gribling*, 128 Ind. 110.

It will be noticed that we have said that the lapse of time from the date of the claim being regarded it is sufficient. We do not forget that ordinarily the period of limitation begins with the maturity of the obligation, but here, as we have shown, there is nothing disclosing the date of maturity. In such case the presumption arises that the obligation was payable upon demand. *Kraft* v. *Thomas, Exr.*, 123 Ind. 513; 2 Am. and Eng. Ency. of Law, p. 327.

It is further insisted that by the meeting, in the appellant, of the legal and the equitable title, merger took place, and the legal title was held subject to the appellee Bowen's mortgage and freed from the senior mortgage. It was alleged that the mortgage of the appellee was not satisfied, but was maintained for the purpose and with the intention of keeping it alive and protecting the legal claim against the appellee's junior mortgage.

Appellee's learned counsel concede that equity will interfere to prevent a merger when justice requires it, and when he who asks it has done equity and comes with clean hands.

They quote from Prof. Tiedeman's work on Equity Jurisprudence, section 119, that: "While as a general rule the merger, which otherwise would prevail, at com-

mon law, is prevented by equity for the purpose of pre-
venting injury to the interests of the parties to the
transaction; on the other hand, if the precaution of
merger would work an injury or wrong, or would aid in
effecting a fraud, equity would not interpose for the pre-
vention of the merger; and any extraordinary circum-
stances, which would indicate that the prevention of the
merger would have such an evil effect, could be estab-
lished as a defense against the interference of equity."

If we may presume that the mortgage of the appellee
is a valid, subsisting lien, in the absence of a merger,
and that it is enforcible, in the absence of the statute of
limitations, and we know of no reason why we should
not so presume, it would occur to us that no injury or
wrong would result to the appellee Bowen to maintain
the priority of the mortgage standing as a senior lien
when he took his mortgage. We observe no reason why
he should occupy a better position, with relation to his
security, because the appellant has purchased the legal
title than if it had been purchased by another or held
by his mortgagor. It can be no hardship to require him
to maintain the standing he voluntarily assumed, as a
junior mortgagee.

The purchase of the legal title by the appellant did
not soil her hands and by owning that title she is en-
abled to do no more than another could do, namely:
subject her property to the payment of the appellee's
claim, after the satisfaction of the senior mortgage. By
purchasing she has certainly committed no injustice
that should operate to stay the interference of equity to
protect her mortgage against a junior mortgage.

As we have said, regarding the appellant's lien as
valid and enforceable, it would certainly subserve the
ends of justice to keep it alive, unless the appellee in-
tended to merge it. This we understand to be the test.

*Myers* v. *O'Neal*, 130 Ind. 370; *Hanlon* v. *Doherty*, 109 Ind. 37; *Elston* v. *Castor*, 101 Ind. 426; *Haggerty* v. *Byrne*, 75 Ind. 499; *Smith* v. *Ostermeyer*, 68 Ind. 432; *Howe* v. *Woodruff*, 12 Ind. 214; *Coburn* v. *Stephens*, 137 Ind. 683; *Jewett* v. *Tomlinson*, 137 Ind. 326. Nor do we understand that a purchaser of the legal title, or the equity of redemption at a foreclosure sale, thereby assumes the payment of all liens junior to that upon which he buys. We do not understand *Bunch* v. *Grave*, 111 Ind. 351, to so hold and certainly the contrary doctrine is enforced in the later cases of *Myers* v. *O'Neal*, *supra*, and *Jewett* v. *Tomlinson*, *supra*.

It is insisted also that the appellant lost her right to enforce her mortgage by her long delay and laches. She certainly suffered none from laches during the period of limitation, since the law gave her twenty years in which to maintain an action to foreclose her mortgage. As we have already seen we can not adjudge as a question of law arising upon the pleadings that the period of limitation has yet expired. There is no doubt that, as held in *Long, Exr.*, v. *Staus*, 124 Ind. 84, and *Garnier* v. *Renner*, 51 Ind. 372, a jury may properly consider long delay in urging a claim as a circumstance tending to raise the presumption of payment. Here there are no other circumstances than delay and since the law may have authorized that delay, we can not hold the delay conclusive of payment. See *Potter* v. *Smith*, 36 Ind. 231; *Harper* v. *Terry*, 70 Ind. 264; *Scherer* v. *Ingerman, Admx.*, 110 Ind. 428.

It is further suggested that a copy of the note should be exhibited, or an excuse alleged for not doing so. The alleged loss of the note by the appellant was a sufficient excuse for not filing a copy with her pleading. *Douthit* v. *Mohr*, 116 Ind. 482; *Anderson, etc., Tp.*, v. *Thompson*, 92 Ind. 556; *Blasingame* v. *Blasingame*, 24 Ind. 86.

The alleged loss of the note in the year 1885 was sufficient to avoid the tender of indemnity against the recovery by another upon the note, since by the presumption of the maturity of the note, as we have already shown, it was long past due when lost.

Finally, it is urged that the description in the appellant's mortgage, and as alleged in her pleadings, was not sufficient to enable any particular tract of land to be located. It was as follows: "All that certain tract or parcel of land adjoining the lands of John Summerville on the east, Peter Speece on the south, and Hiram Allen on the north, being a portion of the north end of the upper half of the lower half of the upper section of Conner's reservation, said to contain one hundred and fourteen acres, more or less."

Appellant presents the following diagram and explanation of these three sections of Conner's reservation :

Swatts *v.* Bowen *et al.*

Tract A C D F was the one owned by Gillam and Sidenbender jointly, and is embraced in appellant's mortgage. Tract A B E F was the part set off to Gillam and the one described in appellant's deed and intended to be described in appellee Bowen's mortgage.

Taking judicial cognizance of congressional surveys, as we may (*Murphy* v. *Hendricks*, 57 Ind. 593; *Carr* v. *McCampbell*, 61 Ind. 97; *Mossman* v. *Forrest*, 27 Ind. 232), we observe that the lands described lie in the upper section of the reservation; we can know also that they lie in the north end of the south half of the section. However, we can not know the locations of the lands of Allen, Summerville and Speece from any judicial cognizance of the congressional survey. They are locations probably capable of being made certain, but until made certain the location of the mortgaged land is uncertain. The uncertainty, if capable of being made certain, would not render the mortgage void, but, upon proper allegations and proof, the court might possibly render certain by decree that which is now uncertain. We suggest it as but a possibility because of the absence, in the description made, of any western boundary. We are not dealing alone with the validity of the mortgage, but have also a question of pleading. Has the appellant pleaded such facts as to enable the court to render such a decree as would enable the sheriff, by the aid of a surveyor, to locate the land mortgaged? We think she has not. The description given, if embodied in the decree, would not be sufficient, since the sheriff would be required to search the records and determine therefrom, however conflicting and uncertain, the exact locations of the lands of Allen, Summerville and Speece. He would be obliged to do that which, in our opinion, should be done by the decree. In the appellant's pleadings there are no allegations as to the descriptions of the lands of the persons named; no correct description is given of the lands intended to be covered by the mortgage, and it is not even alleged that the lands are the same that are covered by the mortgage of the appellee, Bowen. Because of the

failure to plead some such facts as to make the inquiry possible upon the evidence, the court could but sustain the demurrer to the pleadings.

In *Whittelsey* v. *Beall*, 5 Blackf. 143, the description was of "that certain tract or parcel of land containing 300 acres, lying and being in the county of Knox and State of Indiana, about four miles northeast of Vincennes, and adjoining lands of David McCord and others, being the same tract of land that was conveyed to said Isaac N. Whittelsey by Benjamin Tomlinson and John Ross, on the 25th day of May, 1837."

It was there said: "The objection urged to the bill is, that the description of the land is too indefinite to authorize the court to make a decree ordering the sale of it. We think the objection well taken. We do not mean to say that the description is so vague as to make the deed inoperative. It may be sufficient to convey the land. That point, however, is not before us. But we think the bill is defective in not so describing the land, that the officers of the court may know on what premises to enter to execute the order of the court." See, also, *Hannon* v. *Hilliard*, 101 Ind. 310; *Bayless* v. *Glenn*, 72 Ind. 5; *Nolte* v. *Libbert, Admr.*, 34 Ind. 163; *White* v. *Hyatt, Exr.*, 40 Ind. 385; *Struble* v. *Neighbert*, 41 Ind. 344; *Halstead* v. *Board, etc.*, 56 Ind. 363; *Lewis* v. *Owen*, 64 Ind. 446; *Hammond* v. *Stoy*, 85 Ind. 457. In *Bayless* v. *Glenn, supra*, is stated a distinction, not recognized in all of the cases, but which should be here observed, that is, where a good cause of action is stated independently of the mortgage, and those where no relief excepting that afforded by the mortgage is sought. Here the lien of the mortgage is the only right asserted as against the appellees, and no personal judgment was sought. If, therefore, the description pleaded was insufficient, as we

have indicated, the answer and cross-complaint were bad upon demurrer, and the court committed no error.

The judgment of the circuit court is affirmed.

Filed May 15, 1895.