No. 5904.

FRANCO *v.* ALLMAN ET AL.

REAL ESTATE.—*Action to Recover.*—*Description.*—*Complaint.*—In an action for the recovery of real estate, the description thereof in the complaint as "the northwest quarter of the north half of section 10, township 32, range 8, containing 160 acres, situated in Lake county, Indiana," is sufficient, and is, in substance, the same as if it had been the north half of the northwest quarter of the section mentioned. That the half-quarter section does not contain as much land as is named in the complaint, is no reason why the plaintiff should not recover whatever there may be in the tract described.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood*, for appellant.

WORDEN, J.—Complaint by the appellant against the appellees, in the usual form, to recover certain real estate. Demurrer to the complaint, for want of sufficient facts, sustained, and exception. Final judgment for the defendants.

Error is assigned upon the ruling on the demurrer.

We have no brief from the appellees, but see no defect in the complaint, other than the supposed one pointed out in the brief of the appellant, as the ground on which the demurrer was sustained. The supposed defect was in the description of the land sought to be recovered. The description was as follows:

"The northwest quarter of the north half of section 10, township 32, range 8, containing 160 acres, situate in Lake county, Indiana."

As the land is situate in Lake county, the township must be north of the base line, and the range west of the principal meridian; so that there is no difficulty as to the township and range intended. Nor do we think there is any difficulty in determining what part of the half section mentioned is embraced in the description. "The northwest quarter of the north half of section ten," is the language used. The half section of land is a rectangular parallelogram, and, if full without overrunning, is a mile in length from east to west, and a half mile in width from north to south. The description embraces a quarter of the half section, and that quarter is the northwest quarter. No part of the northwest quarter of the half section can lie south or east of the center of the half section, and yet the quarter embraces one-fourth of the entire half section. These conditions are all met by a line drawn from east to west, and another from north to south, through the center of the half section, parallel respectively with the north and south, and the east and west boundaries of it. The land lying north of the east and west line, and west of the north and south line, is the land described. The description is the same in substance as if it had been the north half of the northwest quarter of the section mentioned. If the half quarter section does not contain as much land as is mentioned in the com-

plaint, that is no reason why the plaintiff should not recover whatever there may be in the tract described.

We think the court erred in its ruling on the demurrer.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.