Cookerly *v.* Duncan *et al.*

No. 10,356.

COOKERLY *v.* DUNCAN ET AL.

DESCRIPTION.—*Real Estate.—Complaint.—Cross Complaint.—Pleading.—Practice.*—A description of real estate in a cross complaint in an action to quiet title, omitting the county and State, but designating it as " the real estate in complaint mentioned," is sufficient. Such a reference is not for the purpose of supplying a needed statement of fact, but is for identification only.

SAME.—Where property is so described that a decree can be entered that will enable the sheriff to put the claimant in possession, the description is sufficient.

DEFECT OF PARTIES.—*Demurrer.—Practice.*—A demurrer for defect of parties must specifically point out the defect.

COURTS.—*Common Pleas.—Records not Signed.—Evidence.*—Records of judgments of the courts of common pleas signed after March 6th, 1873, by order of the circuit courts, are admissible in evidence, if otherwise regular.

SAME.—*Act of April 20th, 1881.—Constitutional Law.*—The act of April 20th, 1881, Acts 1881, p. 93, making all unsigned records valid and effective, was within the power of the Legislature.

SAME.—In enacting a statute curing defects in proceedings in the courts, the Legislature does not usurp judicial functions.

From the Monroe Circuit Court.

*G. W. Friedley, E. D. Pearson* and *H. H. Friedley,* for appellant.

*H. C. Duncan,* for appellees.

ELLIOTT, J.—Appellant, in his complaint, fully and accurately describes a parcel of land, and prays that his title thereto may be quieted. Duncan in his cross complaint gives the same description, omitting, however, county and State, but prefaces the description by the averment that it "is the real estate in complaint mentioned." We deem this a sufficient description of the real estate to which the cross complaint asserts title. Where property is so described as that a decree can be entered that will enable the sheriff to put the claimant in possession the description is sufficient. We think that the face of the record so fully disclosed the correct de-

scription of the property that the proper decree could have been readily entered.

It is true that one paragraph of a pleading can not be aided by others, but must be sufficient in itself. Here, however, the cross complaint does contain all the essential allegations of a good pleading, and merely refers to the complaint for the purpose of identifying the property in controversy, not for the purpose of supplying a needed statement of fact.

It is said the demurrer to the cross complaint should have been sustained on the ground that there is a defect of parties. The demurrer is not so framed as to present any such question. A demurrer for defect of parties must specifically point out the defect. It is not sufficient to simply employ the words of the statute. 1 Works Pr., section 483, authorities cited, note.

The appellant contends that the court erred in admitting in evidence a record of a judgment rendered against him by the court of common pleas of Monroe county, in April, 1871, and on which the land in controversy was sold. It appears that the record of this judgment was not signed; that after the abolition of the common pleas courts appellees, upon due notice and motion, obtained an order that the record be signed *nunc pro tunc*. This order was obtained from the Monroe Circuit Court, and the contention of the appellant is. that it had no power to make the order. We think otherwise. The statute abolishing the common pleas courts confers authority upon the circuit courts to make such orders as that made in the present case. The clear intention of this statute was to make, in respect to such matters, the circuit court take the place of the common pleas. If, however, we are wrong in this view, it is still very clear that the evidence was competent. The act of April 20th, 1881, makes all unsigned records valid and effective. Acts 1881, p. 93.

We have no doubt of the power of the Legislature to enact a statute making valid and effective judgments, where the only infirmity in the proceedings and the record is the omission of the judge's signature to the record of each day's pro-

ceedings. *Walpole* v. *Elliott*, 18 Ind. 258; Cooley Const. Lim. (4th ed.) 460. In enacting a statute curing defects in proceedings in the courts, the Legislature does not usurp judicial functions. Signing a record, a bill of exceptions, or the like, is not a judicial act.

Judgment affirmed.