89  473
194  406

### No. 9165.

## DALE ET AL. *v.* THE TRAVELLERS INSURANCE COMPANY.

REAL ESTATE.—*Action to Recover.*—*Description.*—A description of real estate which furnishes a starting point and gives the boundary line by admeasurement is not void for uncertainty, though the monuments given are not fixed, and the distance between certain points is given as so many feet, more or less, as in such case the monuments may be disregarded and the phrase "more or less" treated as surplusage.

SAME.—A statement, following such description, that .the land described is the same acquired from "S., excepting a tract 25 feet wide by 65½ feet long, conveyed to I.," does not show that any portion was excepted from the description given, but shows that all the land described, except the lot named, was acquired from S., and does not render the description given indefinite.

From the White Circuit Court.

*D. D. Dale, S. A. Huff* and *D. Turpie,* for appellants.

*A. W. Reynolds* and *E. B. Sellers,* for appellee.

BEST, C.—This action was brought by the appellee against the appellants, to recover the possession of some real estate. A demurrer to the first paragraph of the complaint was overruled, and this ruling raises a single question, and that is, whether the description of the land, contained in the complaint, is void for uncertainty.

The description is as follows: "The following real estate, in White county, Indiana: Beginning at the southwest corner of a lot situated on the east side of Main street, in the town of Monticello, formerly owned by Richard Imes, Jr., and running thence south one hundred and fifty feet, more or less, to a thirty-foot street, granted by John Shideler, along the cut of the Toledo, Logansport and Burlington Railroad; thence with said street east three hundred feet, more or less, to the west line of the lot once owned by William B. Keefer; thence north two hundred and eighty-six feet, more or less, to the alley on the south line of land formerly owned by James C. Reynolds; thence west one hundred feet, more or less, to the northeast corner of a lot formerly owned by the heirs of John Warrick, deceased; thence south one hundred and sixteen feet to the southeast corner of said Imes lot; thence west two hundred feet, more or less, to the place of beginning, being the same property acquired by said Dale by deed from John Shideler, dated April 29th, 1865, and recorded in said county in deed record No. 18, page 470."

This description is not, as we think, void for uncertainty. It is true that the location of the various lots mentioned in the description as monuments is not made certain by averments, and the description itself does not fix their locality. It is equally true that the sheriff who must execute the judgment of the court has no power to ascertain the locality of these various monuments, but must identify the property from description given. *Lewis* v. *Owen*, 64 Ind. 446.

The description, however, as we think, sufficiently describes the property, aside from these unknown monuments. It

furnishes a starting point and gives the boundary line by admeasurement. The length of each line is given, it is true, as so many feet, more or less, but the phrase "more or less" may, in the absence of known monuments, be disregarded, and will not render the distance given uncertain. Washburn on Real Property, 4th ed., vol. 3, p. 407, sec. 41, thus states the law: "If, however, the boundary line is described by admeasurement, it will govern, if there are no known monuments by which to test its accuracy, although the distance be described as so many feet, 'more or less.'" See also authorities there cited.

As the sheriff has no power to ascertain the locality of these lots they may be regarded as unknown monuments, and as the phrase "more or less" does not render the distance given uncertain, these portions of the description may be disregarded without affecting its sufficiency. The starting point as given, without the aid of the next point reached, is uncertain, but the latter renders the first fixed and definite. The starting point is at the southwest corner of a lot on the east side of Main street, in Monticello. The "east side" means the margin or edge of the street, and the first point reached is on the north side of a street thirty feet wide, running east and west along the line of the Toledo, Logansport and Burlington Railroad, one hundred and fifty feet south of the starting point. The starting point is on the east side of Main street, in Monticello, one hundred and fifty feet north of a street thirty feet wide, running east and west along the line of the Toledo, Logansport and Bloomington Railroad. This point is definite. From this point the boundary line runs one hundred and fifty feet south to said street; thence east along said street three hundred feet; thence north two hundred and eighty feet; thence west one hundred feet; thence south one hundred and sixteen feet; thence west two hundred feet, to the place of beginning. If the last line given runs two hundred feet due west it would reach a point twenty feet north of the starting point; but as the starting point is the place to be reached,

this point controls both the course and distance given, and said line runs from said point one hundred and sixteen feet south of the north line directly to the starting point. *Rosenbaum* v. *Schmidt*, 54 Ind. 231; 3 Washb. Real Prop. 407. This, in our opinion, was a sufficient description.

We can not say that the parcel intended to be recovered was correctly described, but think a parcel was definitely described.

The demurrer was properly overruled, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby in all things affirmed, at the appellants' costs.

### ON PETITION FOR A REHEARING.

BEST, C.—The appellants strenuously insist that the description contained in the first paragraph of the complaint is void for uncertainty. They maintain that a portion of the tract described was excepted from the general description given, and, as such excepted portion was not described, it was impossible to determine what land the appellee sought to recover. If any portion of the land described was excepted without a description of such portion, there would be much force in this position, but we are of opinion that the description given does not warrant this construction. After the words " to the place of beginning," which was the conclusion of the description, these words follow, " being the same property acquired by said Dale by deed from John Shideler, dated April 29th, 1865, and recorded in said county in deed record No. 18, page 470, excepting a tract 25 feet wide by 65½ feet long, conveyed to Imes, situate east of and adjoining the said Warrick lot." This language does not show that any portion was excepted from the description given, but simply shows that the land described, except the lot named, is the same that Dale acquired from Shideler. Its purpose was to render the description given more definite, and while it could not subserve any such purpose, we think it did not render the

description less definite. After again examining the question presented, we are of opinion that the description given is not void for uncertainty, and therefore think that the petition should be overruled.

PER CURIAM.—The petition for a rehearing is overruled.