Filed Oct. 16, 1884.

---

No. 11,769.

### CUNNINGHAM *v.* McCOLLUM ET AL.

REAL ESTATE, ACTION TO RECOVER.— *Complaint.*— *Description.*—In a complaint for the recovery of possession of real estate, a description thereof is good which will enable the sheriff to put the claimant in possession. It must be sufficient to enable him to identify the property so as to know how to execute the order of the court.

SAME.—A description in a complaint in ejectment, describing the premises as "the house built by the plaintiff for the defendant on the Eziriah Crandall farm, near the east line in fractional section 13, in township 4 south, and range 5 east, and the ground covered thereby," naming county and State, is sufficient.

From the Hamilton Circuit Court.

*W. T. Zenor, W. H. Hudson* and *C. W. Cook,* for appellant.
*W. N. Tracewell* and *R. J. Tracewell,* for appellees.

BICKNELL, C. C.—This was a suit by the appellant against the appellees to recover the possession of real estate. The complaint was in two paragraphs. The defendants jointly

demurred to each paragraph, and the defendant Farnsley separately demurred to each paragraph. The demurrers alleged want of facts sufficient. They were sustained, and judgment was rendered thereon in favor of the defendants. The plaintiff appealed. The rulings upon the demurrers are assigned as errors.

The only matter urged by the appellees in support of the demurrers is, that in neither of the paragraphs of the complaint is the property sought to be recovered sufficiently described. There is a great deal of unnecessary matter in each of these paragraphs.

The first recites that the plaintiff had a mechanic's lien on certain real estate, "said real estate being the same upon which said plaintiff had erected a dwelling-house for said defendant McCollum in the year 1878, a frame dwelling-house erected and situated near the eastern line in fractional section thirteen, in town. four south, in range five east, known as the Eziriah Crandall farm in Harrison county, State of Indiana, then occupied by said defendant McCollum." This paragraph then states that under certain proceedings for the enforcement of his mechanic's lien, he became the owner of "said real estate," and concludes with a statement that he is the owner, etc., and entitled to the possession of "said real estate"; that the defendant McCollum unlawfully detains possession of said real estate from the plaintiff since said 6th day of September, 1881, to the damage of the plaintiff in the sum of $200; wherefore plaintiff demands judgment for the possession of said real estate and for $200 damages, and all proper relief. The allegations as to the defendant Farnsley need not be stated because they are not involved in the only objection made, which is to the validity of the description of the real estate. Said real estate is previously described as follows: "Known as the Eziriah Crandall farm in Harrison county, State of Indiana, in fractional section 13, in town. 4 south, in range five east."

The second paragraph of the complaint states that the

plaintiff erected a dwelling-house for the defendant McCollum on the Eziriah Crandall farm, near the east line in fractional section 13, in township 4 south, and range 5 east, in Harrison county, Indiana, of which McCollum was then the owner in possession, said house covering part and parcel thereof; that plaintiff had a mechanic's lien for said work on said house, and the real estate immediately covered thereby, and that plaintiff obtained a judgment for the enforcement of his said lien, and at the sale on an execution issued on said judgment purchased said property, and in 1881 became the owner thereof by the sheriff's deed; that said defendant McCollum detains possession of the same from the plaintiff since September 6th, 1881; that plaintiff is the owner of and entitled to the possession of the same; that by reason of said unlawful detention plaintiff is damaged in the sum of $100; wherefore plaintiff asks judgment for possession of said house and real estate immediately covered thereby and $100 damages, and all proper relief. The description in the first paragraph of the complaint was clearly sufficient.

. The rule is that any description is good which will enable the sheriff to put the claimant in possession. The sheriff must be able to identify the property, so as to know how to execute the order of the court. *Whittelsey* v. *Beall*, 5 Blackf. 143; *Magee* v. *Sanderson*, 10 Ind. 261; *Nolte* v. *Libbert*, 34 Ind. 163; *Bowen* v. *Wood*, 35 Ind. 268; *White* v. *Hyatt*, 40 Ind. 385; *Struble* v. *Neighbert*, 41 Ind. 344; *Lewis* v. *Owen*, 64 Ind. 446; *Franco* v. *Allman*, 77 Ind. 417; *Cookerly* v. *Duncan*, 87 Ind. 332; *Dale* v. *Travellers Ins. Co.*, 89 Ind. 473.

In *Brown* v. *Anderson*, 90 Ind. 93, it was held that the description was sufficient, if the land could be identified by the sheriff, with the assistance of a surveyor, aided by one having knowledge of the former location of an ancient fence. Where land or a house is known by a certain name, it may be well described by that name, as the house called "the Black Swan," the farm called "White Acre," the "Manor of Dale," etc.

In *Hammond* v. *Stoy*, 85 Ind. 457, the description was, forty acres "known as part of the Joshua Wilson farm, in fractional section fifteen," etc. This was held insufficient because it did not state what part, but the court said : "Under the rule that that is certain which can be made certain, it might be a sufficient description to write, 'The Wilson farm, in section No.,' etc. ; but to say a 'part of' such farm, without defining the part, is clearly bad for uncertainty, and the uncertainty is not removed by the averment of quantity." The court, therefore, erred in sustaining the demurrer to the first paragraph of the complaint which sought to recover the entire farm. It was a good paragraph so far as the description was concerned.

The second paragraph sought to recover a house and the ground covered thereby. It is described as the house built by the plaintiff in 1878, for the defendant McCollum on the Eziriah Crandall farm near the east line, in fractional section 13, in town. 4 south, and range 5 east, in Harrison county, Indiana, and the ground covered thereby. There is no difficulty in identifying a house and ground thus described.

In the case of the *City of Crawfordsville* v. *Boots*, 76 Ind. 32, the following description was held good : "A part of lot No. 110, as the same is designated on the original plat of the town, now city, of Crawfordsville, and the building situated thereon, lately erected, known as the city building or engine * *, for material furnished in the erection of said building." The court said : "This we deem a sufficient description of so much of the lot as was covered by the building." See, also, *City of Crawfordsville* v. *Johnson*, 51 Ind. 397. In the *Harrison, etc., Turnpike Co.* v. *Roberts*, 33 Ind. 246, the following description was held sufficient : "All that part of the southwest quarter of section 33, township 9, in range 2 west, in Franklin county, on which is located and constructed the turnpike road and toll-house of said company." The sheriff must have process so certain that with the aid of such information as he can obtain from others as to location, boun-

daries, etc., he can look at the writ and say that such and such are the premises described. *Orton* v. *Noonan,* 18 Wis. 447. In *College Corner, etc., G. R. Co.* v. *Moss,* 92 Ind. 119, this court said : " The defendant should be fully apprised by the complaint as to what property is demanded." The second paragraph now under consideration did show exactly what was demanded. The objections made to this paragraph can not be sustained. The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellees, and this cause is remanded with instructions to overrule the demurrers to each paragraph of the complaint.

