GEORGE A. LEWIS *et al.* v. JAMES K. BURNHAM *et al.*

CHATTEL MORTGAGES — *Replevin* — *No Averment of Fraud* — *Inadmissible Evidence.* In an action in replevin between two mortgagees of a stock of goods, the plaintiff alleges in his petition that his interest is derived from a chattel mortgage given by the owner of the goods, a written agreement with him, and a parol agreement with the defendants. The mortgage and written agreement are attached to the petition as exhibits. In both of them the chattel mortgage of defendants is recognized as the prior lien upon the goods replevied. It was also established by evidence offered by plaintiffs at the trial, that the parol agreement provided that defendants' mortgage indebtedness should continue as a first lien until paid in full. There

were no averments of fraud in the petition against the owner of the goods and defendants. Plaintiffs introduced evidence for the purpose of showing fraud and collusion between the owner and defendants, and that the notes and mortgages given by the owner to defendants were without consideration. *Held*, That such evidence, under the petition and exhibits, was inadmissible.

### *Error from Pratt District Court.*

THE opinion contains a sufficient statement of the case.

*Edwin A. Austin*, for plaintiffs in error.

*Noffsinger & Carskadon*, for defendants in error.

Opinion by HOLT, C.: The defendants in error, as plaintiffs, brought their action in replevin to recover possession of a stock of goods at Saratoga, Kansas, and at the October term, 1887, of the Pratt district court recovered a judgment for the possession thereof, and a finding and judgment that their possession was of the value of $3,033.88. It is shown by the record that John J. Davis was a merchant doing business at Saratoga, and prior to July 19, 1887, was the owner of the goods in question; that George A. Lewis & Co., the defendants, were bankers at Saratoga, and that the plaintiffs, Burnham *et al.*, were eastern creditors from whom Davis had purchased his stock; that Davis executed a chattel mortgage to defendants to secure the payment of five notes of $500 each, and gave them possession of the store-room and goods; and that they retained him as their agent. He continued to sell from the stock up to the first day of August, and the amount of sales between the 19th of July and the first day of August was about $500. None of that amount was applied to the payment of the notes of defendants, but was used to pay checks that had been given by Davis prior to the giving of the mortgage—among others, one of $100 to plaintiff. Upon the first day of August W. J. Milligan, agent of plaintiffs, came from Kansas City, Mo., and Davis gave him a chattel mortgage to secure the payment of $3,033.88. In that mortgage there was this condition: "This mortgage is given subject to a prior mortgage to George A. Lewis & Co.

for the sum of $2,500, executed July 19, 1887." Upon the second day of August, by an agreement and understanding between defendants and Milligan, as the agent of plaintiffs, and Davis, plaintiffs were placed in possession of the goods, who retained Davis as their agent; and it was agreed that all the money that should be received from the sale of the goods should be applied to the payment of Davis's indebtedness to defendants. This arrangement continued until the 23d day of August, 1887, during which time there had been deposited in defendants' bank the sum of $565, which had been applied to the payment of their claim. Upon that day they obtained possession of the store again, retained Davis as their agent, and proceeded to sell the goods. Plaintiffs then brought this action in replevin. In their petition they allege that they are entitled to the immediate possession of the goods in question under a chattel mortgage, a copy of which is hereto attached, marked "Exhibit A"; a note and written agreement with John A. Davis, a copy of which is hereto attached, marked "Exhibit B"; and an oral agreement with defendants. "Exhibit A" referred to the mortgage given by Davis to defendants, which contains the provisions above referred to; "Exhibit B" is a memorandum of agreement made between Davis and the plaintiffs. In that memorandum it is stated:

"And it is further agreed that as soon as two certain chattel mortgages, one made by second party to George A. Lewis & Co., to secure $2,500, and the other made by said first party to said second party to secure $3,033.88, . . . shall all be fully paid out of the net proceeds of said business, the said first party shall cancel the said mortgage and turn over . . . said business."

The testimony introduced in the case to establish the parol agreement mentioned in the petition, shows that it was stipulated and agreed that the plaintiffs were to have possession of the storehouse and stock, and authority to sell the goods, with the understanding that they were first to pay off the indebtedness of Davis to defendants, out of the proceeds.

The plaintiffs in error assign a great many errors for our

consideration; we shall not examine them specifically; it will not be necessary to do so in the disposition of this case. We believe under the pleadings there was error in the admission of testimony. The plaintiffs introduced testimony over objection of defendants, tending to show that there was a want of consideration in the notes given by Davis to defendants, and that they were given in fraud of plaintiffs, and to hinder and defraud them in the collection of their debts. We think, under the pleadings, such testimony was inadmissible. There is no claim of fraud in plaintiffs' petition, except as it may possibly be inferred from the statement that the goods were wrongfully detained from plaintiffs. In their exhibits they state their mortgage was given subject to the mortgage of defendants; in their memoranda of agreement with Davis they recognize the same mortgage again, and in their parol contract, and in the evidence to sustain it, they testify that their possession of the goods was subject to the payment in full of the debt of defendants. They recognize by their pleadings, and by their evidence to sustain the parol contract, that the indebtedness of Davis to defendants was *bona fide.*

In the petition and exhibits the plaintiffs set forth their interest in the goods replevied. It is therein averred that they hold under a chattel mortgage given by Davis to them; under a written agreement with said Davis, and a parol agreement with defendants. If we should consider these as three distinct grounds of plaintiffs' right of possession, or on the other hand as constituting collectively different parts of the same transaction, we should find that each and all have a limitation, whether we consider them as separate contracts or parts of one entire agreement. The plaintiffs' chattel mortgage expressly recognizes the prior lien of the defendants' mortgage, and the written agreement with Davis refers to the same. The parol agreement alluded to in the petition is proven by plaintiffs' evidence to have been made with the definite understanding that defendants had the first lien upon the goods, and that it should continue until their indebtedness should be paid in full. Under such pleadings it was

error to admit evidence for the purpose of showing fraud and collusion between defendants and Davis in the consideration or execution of the notes.

If the plaintiffs had been misled by any statement or act of the defendants in recognizing and admitting their prior lien upon the goods, or if they had believed at the time they took their mortgage that the defendants' claim was *bona fide* and afterward had found it was not, then these facts should have been set forth in their petition; but in the absence of any allegations of fraud and collusion, the evidence tending to show that the notes were given without consideration and to defraud creditors, was inadmissible.

Taking the admissions in plaintiffs' petition and exhibits, and all the evidence most favorable to plaintiffs together, we think the finding of the value of plaintiffs' possession is not supported. It must be held under the record that the value of plaintiffs' possession is not the first lien upon the goods, but was subject to the payment of defendants' notes.

We recommend that the judgment be reversed.

By the Court: It is so ordered.

All the Justices concurring.