No. 14,252.

## BOWEN *v.* WICKERSHAM ET AL.

MORTGAGE.—*Foreclosure.—Sheriff's Deed.— Description.*—Where the land sold in pursuance of a decree of foreclosure is described in the decree and deed as a certain twenty-acre tract of land, "except such portions * * as have heretofore been laid out in town lots, * * and have been sold and conveyed prior to the execution of the mortgage," the deed is void for uncertainty, since it would be necessary in order to determine what property was in fact sold to institute an extraneous inquiry.

REAL ESTATE.—*Action to Recover.—Sheriff's Sale.—Deed.—Insufficient Description.*—In order to maintain ejectment, the burden is upon the plaintiff to make out a title to the land in dispute in himself, and where he claims through a judicial sale it must appear from the decree and deed, through which he claims, without the aid of extrinsic evidence, that the title to the lot in controversy is in him. If the decree and deed are so defective that it can not be ascertained by inspection, or from any data contained therein, what property was in fact sold, or if in order to ascertain the intention of the officer in selling, it becomes necessary to institute an extraneous inquiry, the deed is void.

From the Carroll Circuit Court.

*J. Applegate* and *C. R. Pollard*, for appellant.
*W. C. Smith* and *G. W. Julian*, for appellees.

MITCHELL, J.—Bowen sued Wickersham and others, in ejectment to recover the possession of lot numbered 9 in the town of Mortonville, in Carroll county. The plaintiff's only claim of title rests upon a decree of foreclosure and a sale and conveyance made in pursuance thereof by the sheriff of Carroll county.

The essential part of the description of the land in controversy, as contained in the decree, advertisement and deed, is as follows: " Twenty acres out of the northwest fractional quarter of section twenty-nine, in township twenty-five north, of range two west, bounded as follows: Commencing at low water mark on the north bank of Deer Creek south of an oak witness-tree of the old survey; thence south parallel with the section line forty-seven and one-half rods;

thence south with the section line to Deer Creek; thence down said creek with the meanderings thereof to the place of beginning, * * * except such portions of the above described tracts of land as have heretofore been laid out in town lots by James Roach, and have been by him sold and conveyed prior to the execution of the mortgage herein."

There was evidence tending to show that the lot in controversy was embraced by the general description above, and that it was one of the town lots laid out by Roach, but it did not appear whether it had been sold and conveyed at the time the mortgage mentioned in the decree was executed, nor is there anything in the record of the present case to indicate that the decree of foreclosure was taken upon a mortgage executed to the plaintiff. If it should be conceded that the general description of the twenty-acre tract, read in connection with the testimony of the surveyor, was sufficient, still there is nothing in the decree or deed to indicate whether or not the foreclosure sale and subsequent conveyance embraced the lot in controversy.

In order to maintain ejectment, the burden rests upon the plaintiff to make out a title to the land in dispute, in himself, and as he claims through a judicial sale, it must appear from the decree and deed, through which he claims, without the aid of extrinsic evidence, that the title to lot numbered 9 is in him.

It does not appear from the record that the lot in dispute was embraced in the foreclosure proceeding, nor in the sale and conveyance made by the sheriff to the plaintiff. In order to ascertain whether or not it was so sold and conveyed, it would be necessary to institute an inquiry outside of the record so as to ascertain the date of the mortgage upon which the decree was taken, and to determine whether or not the lot in controversy had been sold by Roach before that time.

A description in a deed or mortgage may be sufficient, even though it may be necessary on account of its imperfect

or indefinite character, to aid the intention of the parties by averring and proving extrinsic facts. This rule has, however, no application to a description found in a decree of foreclosure, or in a conveyance made in pursuance thereof. Descriptions of land found in judicial decrees or sheriff's deeds can not be reformed or aided by invoking the chancery powers of the court. *Lewis* v. *Owen,* 64 Ind. 446; *Dale* v. *Travellers Ins. Co.,* 89 Ind. 473.

Where the description as contained in a mortgage or other instrument is imperfect or indefinite, the land actually mortgaged or conveyed should be accurately described in the bill or complaint to foreclose, and the description in the decree should be so reformed that the officer may know on what land to execute the order of the court. *Struble* v. *Neighbert,* 41 Ind. 344; Jones Mort., section 1462. The sheriff must be able to identify the property from the description contained in the decree, and the purchaser can only be put in possession of the land definitely described in the deed. *Cunningham* v. *McCollum,* 98 Ind. 38; *Runnels* v. *Kaylor,* 95 Ind. 503.

If the decree and deed are so defective that it can not be ascertained by inspection, or from data which they furnish, what property was in fact sold, or if in order to ascertain the intention of the officer in selling, it becomes necessary to institute an extraneous inquiry, the deed is void for uncertainty. Freeman Ex., section 281. Thus, where a tract of land had been laid off into town lots, some of which had been sold, it was held that a sale by the sheriff of the owner's interest in the land, described generally, was too vague to convey title to any particular lot. *Evans* v. *Ashley,* 8 Mo. 177.

It can not be ascertained from an inspection of the decree and deed, or from any data contained therein, whether lot numbered 9 was or was not sold to the plaintiff, and as it was incumbent on him to make out an affirmative title before his

right to recover was established, the judgment for the defendant was right.

Judgment affirmed, with costs.

Filed June 20, 1890.