Kennett v. Peters.

---

## HOMER KENNETT v. PETERS & CO. *et al.*

1. CHATTEL MORTGAGE — *Condition Broken — Effect on Title.* Under the statutes of some of the states, the authorities hold that after condition broken the title to mortgaged personal property becomes absolute in the mortgagee without redemption; but the chattel-mortgage act of this state contemplates a different rule.

2. REPLEVIN — *Conversion — Petition.* Under the statutes of this state, and in accordance with the practice existing, in an action of replevin or for the conversion of personal property, if the plaintiff is not the absolute owner, the petition must set forth the special ownership or interest of the plaintiff in the property, stating the facts in relation thereto.

3. CONVERSION — *Petition.* A petition for the conversion of personal property must allege, if the plaintiff was not in possession at the time of conversion, that "he was entitled to the immediate possession of the property."

4. PETITION, *Insufficient.* A petition for conversion alleging plaintiff's ownership or special interest in the property in the present tense, or prior to the time of conversion, is insufficient, as it does not show that the plaintiff was the owner of or had any special interest or possession of the property at the date of the conversion.

5. ——— *Not Cured.* Where a petition is fatally defective for want of material averments, and such averments are not supplied by the answer, the petition is not cured thereby.

6. ALLEGED ERRORS, *When not Reviewed.* When a petition is fatally defective, and the verdict and the judgment are against the plaintiff, the supreme court will not examine at the instance of the plaintiff the alleged errors occurring upon the trial.

| | |
|---|---|
| 54 | 119 |
| 54 | 157 |
| 54 | 119 |
| 58 | 742 |
| 59 | 252 |
| 54 | 119 |
| 65 | 162 |
| 54 | 119 |
| f77 | 447 |

*Error from Clay District Court.*

ON the 22d day of September, 1888, *Homer Kennett* commenced his action against *Peters & Co.*, Elisha Parker, William Parker, and Charles W. Lord, and in his petition alleged:

"Plaintiff says that he is and was the owner and entitled to the possession of 36 head of steers, one and two years old, of the value of $850; 29 head of hogs, of the value of $260; 10 cows, of the value of $200; 6 calves, of the value of $70; and 2 bulls, of the value of $50; all of the total value of $1,430. On or about the 11th day of September the defendants unlawfully obtained possession of said property, refused to deliver it to plaintiff, and converted it to their own use, to the damage of plaintiff $1,500, for which he asks judgment, with interest from September 11, 1888, and costs of suit."

Peters & Co. and Charles W. Lord filed answers containing general denials only. Elisha and William Parker made default. Trial had before the court with a jury, on the 9th day of June, 1890, in Clay county, the venue of the action having been changed from Cloud county. Upon the conclusion of the evidence, the plaintiff moved for an instruction in his favor for a verdict against both defendants, which was refused, and excepted to. The court submitted the case to the jury as to Lord, but instructed that no recovery could be had against Peters & Co. The jury returned the following verdict for the defendants:

"We, the jury impaneled and sworn in the above-entitled case, do upon our oaths find for the defendants M. S. Peters and W. G. Peters, partners as Peters & Co., and we do find for the defendant Charles W. Lord."

The plaintiff filed motions for a new trial, which were overruled, and brings the case here.

*Kennett, Peck & Matson*, for plaintiff in error.

*Ellis & Cook*, for defendants in error Peters & Co.

*D. C. Chipman*, for defendant in error C. W. Lord.

The opinion of the court was delivered by

HORTON, C. J.: It is claimed that the petition does not
state facts sufficient to constitute a cause of action, and that,
under an allegation of general ownership, a chattel mortgage
permitting the property to remain in possession of the mort-
gagor until default in payment of the debt secured thereby is
not evidence to sustain the same. The points are well taken.
The petition fails to state that the plaintiff was the owner of
or in the possession of the property on the date of the con-
version; fails to state that the plaintiff was entitled to the
*immediate* possession of the property at the time of the con-
version; fails to state the year in which the conversion occur-
red, and fails to state the special ownership or interest in the
property. In trover, plaintiff must either have the posses-
sion, or the immediate right of possession, of the property, to
entitle him to recover. ( *Wilson v. Fuller*, 9 Kas. 176, 190,
191; *Hoisington v. Armstrong*, 22 id. 110, 113; Chit. Pl.
167; *Owens v. Weedman*, 82 Ill. 409–417; *Middlesworth v.
Sedgwick*, 10 Cal. 392.)

The precedents from all the books upon pleadings require
that the petition must show that the plaintiff was in the ac-
tual possession of the property at the time of the conversion,
or, if not in possession, that he was entitled to the immediate
possession of the property. (2 Estee, Pl. & Pr., § 2098;
Maxw. Code Pl. 637.) Swan on Pleadings expressly states
that the petition for the conversion of chattels must allege,
"if the plaintiff was not in possession," that he "was entitled
to the *immediate* possession of the property."

The petition does not state that the plaintiff was the owner
of the property at the time of the conversion, but merely
charges that the conversion was on "the 11th day of Septem-
ber." The year is omitted. (*Sawyer v. Robertson*, 28 Pac.
Rep. (Mont.) 456; *Smith v. Force*, 31 Minn. 119; Bouv. Inst.,
§ 3538; *Cruger v. Railroad Co.*, 12 N. Y. 191–201.) Cob-
bey on the Law of Replevin, § 601, says:

"Where the plaintiff claims as sole owner, he must stand

or fall on that claim, and cannot, if his alleged title turns out to be invalid as against the true owner, fall back upon an alleged lien. The claim of title is a waiver of any lien, and, in any event, before he can claim the chattel by virtue of the lien, the false claim of title must be abandoned, the title of the true owner conceded, and the claim reduced to one of lien."

Our statute provides that, in an affidavit for an order for the delivery of property, the plaintiff must show that he is the owner of the property, or has a special ownership or interest therein, stating the facts in relation thereto. (Civil Code, § 177.) The code prescribes that there can be no feigned issues in pleadings, and that all pleadings must be written statements by the parties of the facts constituting their respective claims. (Civil Code, §§ 11, 84.) A petition in replevin, or for conversion, ought to advise the defendant of the nature of the plaintiff's claim to the property, to the end that he can intelligently defend. Of course, the proof must sustain the material allegations of the judgment. (*Kern v. Wilson*, 73 Iowa, 490.)

The plaintiff's interest in the property, upon the evidence offered, was only that of a mortgagee. There are authorities in some of the states holding that, after condition broken, the title to mortgaged personal property becomes absolute in the mortgagee, without redemption. Our statute contemplates a different rule. (*Wolfley v. Rising*, 12 Kas. 535; *Kern v. Wilson*, supra.) In the mortgages offered, the possession of the property was retained by the mortgagor until condition broken; therefore, although the plaintiff, under the statute, had the legal title to the property referred to in his mortgages, if they were sufficient in description and embraced the property sold, he was not entitled to the possession of the property, until he had shown to the satisfaction of the court that the indebtedness, or a part thereof, secured by the mortgage was due and unpaid, but even then his title was not absolute. We are referred to *Miller v. Adamson*, 47 N. W. Rep. (Minn.) 452, in support of the claim that a plaintiff may, in replevin or trover, allege generally he is the owner

of the property, and prove either general or special owner-ship. The decision is not satisfactory to us.

According to the common and usual practice as it exists in this state, a plaintiff in replevin sets forth in his petition the facts which constitute his special interest or ownership in the property. (*Lewis v. Burnham,* 41 Kas. 546, 548; *Ream v. McElhone,* 50 id. 409; *Coder v. Stotts,* 51 id. 382.)

"A party to an action should not be allowed to obtain ben-efits from contradictory and inconsistent allegations deliber-ately made by himself in his pleadings. Our civil code does not contemplate any such thing. The spirit of our civil code is that a party shall state in his pleadings the real facts of his case, and not falsehoods or fictions; and when each party states what he believes to be true and the real facts of his case, the court may know precisely where the parties differ." (*Losch v. Pickett,* 36 Kas. 216; *Wilson v. Fuller,* 9 id. 176; *Wolfley v. Rising,* 12 id. 535; *Hoisington v. Armstrong,* 22 id. 110.)

Where the petition is defective for want of material aver-ments, and such averments are not supplied by the answer, the petition is not cured thereby. (*Wilhite v. Williams,* 41 Kas. 288.) The general denials filed by the defendants did not supply the omissions in the petition. Upon the petition and the evidence introduced, the defendants were entitled to verdict and judgment. When the pleadings and the evidence show that the judgment is correct, it will be sustained, not-withstanding errors may have occurred upon the trial. (*Dry Goods Co. v. Kahn,* 53 Kas. 274; *Commiskey v. McPike,* 20 Mo. App. 82–84; *Johnson v. Simpson,* 77 Ind. 417.) If a verdict had been rendered for the plaintiff, we might have permitted the petition to be amended to conform to the facts proved, but when a petition is fatally defective and will not support a judgment, this court will not examine, at the in-stance of the plaintiff, alleged errors occurring upon the trial. The attention of the district court and counsel was directly called to the defects in the petition and to the incompetency of the evidence, according to the record now before us. No

amendments were made to the petition and no request was made therefor. Under all the circumstances, the judgment of the district court will be affirmed.

All the Justices concurring.