PARRY MANUFACTURING COMPANY v. S. H. MYTON.

**No. 331.**

1. PLEADING AND PROOF—*Replevin—Ownership.* When the plaintiff in a replevin action claims the personal property in controversy as sole owner, he must stand or fall on that claim, and cannot recover by showing his right to a lien.

2. CONDITIONAL SALE— *Purchase-price Unpaid—Lien of Vendor.* When goods are sold and delivered to the purchaser under the terms of a contract which provides that the title of the goods, or the proceeds of sale, shall remain in the vendor until the purchase-price is fully paid, the vendor, as between the original parties, has a lien on the goods for the unpaid portion of the purchase-price, which lien would be removed by payment.

Error from Cowley district court; A. M. JACKSON, judge. Opinion filed September 21, 1898. Affirmed.

*J. E. Torrence*, for plaintiff in error.

*F. C. Johnson*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J. : This action was commenced in the district court of Cowley county by the plaintiff in error to recover from the defendant in error the possession of certain buggies and spring wagons. The petition alleged the plaintiff to be owner of and entitled to the immediate possession of the personal

property therein described. Upon the trial in the court below the plaintiff introduced its evidence, to which the defendant filed a demurrer on the ground that it failed to establish a cause of action in favor of the plaintiff and against the defendant. The court sustained the demurrer and rendered judgment for costs against the plaintiff, who brings the case here for review.

The evidence tends to prove that the plaintiff is a corporation engaged in manufacturing buggies, carriages and light vehicles at Indianapolis, Ind., and that one G. S. Bussart, being engaged in the retail implement business in Winfield, Kan., entered into a contract with the plaintiff in error, by the terms of which it was to furnish him with certain vehicles at prices agreed on therein, until the expiration of the contract, which was to be October 1, 1893, on a credit of four months by giving a note, and an extended credit on unsold goods for two months by giving a renewal note. It also tends to prove that the vehicles in controversy were furnished by the plaintiff in error to Bussart under the contract. The contract contained, among other things, the following stipulation :

"It is expressly understood and agreed by the parties hereto that the vehicles furnished under this contract shall in no case be disposed of except in the usual course of trade to *bona fide* purchasers for value, and that, until the purchase-price of all goods furnished under this contract of sale is paid, the title to said vehicles, or the proceeds of the sale thereof, said proceeds being received and held by said party of the second part as agent of said party of the first part, shall be and remain in the party of the first part or their assigns ; and party of the second part agrees that, should the party of the first part so elect at any time, upon receiving credit on or cancelation of the note or notes given by the party of the second part, the said

party of the first part under this contract to store in good order or reship free of charge the vehicles for which said credit is given, subject to the order of the said party of the first part.  Said party of the second part agrees to keep said vehicles insured against loss by fire for the benefit of said party of the first part as the interest of the said party of the first part may appear, and to render to said party of the first part a statement of all vehicles remaining on hand and in stock whenever said party of the first part may request same.''

The evidence also showed that Bussart, being indebted to the Buford & George Manufacturing Company, executed and delivered to it a chattel mortgage, dated October 27, 1894, and it is admitted that the defendant in error purchased the property in controversy in good faith and for an honest and fair consideration, of the mortgagee, the Buford & George Manufacturing Company, and that the property was delivered to him and was in his possession at the time of the commencement of this suit.

The first question raised by the argument in the briefs is whether, under the evidence, the plaintiff in error was the absolute owner of the vehicles under the contract, or whether they were sold to Bussart and a lien attempted to be reserved by the contract.  It is conceded by the plaintiff in error that unless it was the absolute owner of the property the evidence was insufficient to establish the allegation of general ownership contained in the petition.  It was held in *Kennett v. Peters*, 54 Kan. 119, 37 Pac. 999, that when the plaintiff claims as sole owner he must stand or fall on that claim, and cannot recover by showing a right to a lien.  This question is entitled to a careful consideration, for the reason that, unless the evidence tends to prove that the plaintiff in error was the owner

of the vehicles, the judgment of the district court must be sustained.

The evidence shows that the plaintiff in error furnished to Bussart the vehicles in question and other goods according to the terms of the contract, and at the prices named therein, and took from him his notes for the purchase-price due in four months. When these notes were due, or a short time afterward, Bussart paid a portion of the amount in cash and gave the renewal notes provided for in the contract for the balance due. He also turned over to the plaintiff in error certain notes as collateral security for the indebtedness created in the purchase of the goods bought of it, including the vehicles in controversy. The evidence shows that the plaintiff in error sold and delivered the vehicles to Bussart conditioned upon the title of said vehicles, or the proceeds thereof, remaining in it until the purchase-price was fully paid. The contract was complete between them. Payment by Bussart was the only unexecuted portion of it. Upon full payment full title passed to Bussart. Has such payment been made? We apprehend that if this action had been brought against Bussart for possession under the contract — provided he had remained in possession — the plaintiff would have been required to show in what amount Bussart was indebted to it. Full payment would have been a complete defense to its action. We also apprehend that the jury should have found the amount remaining unpaid and rendered an alternative verdict for the return of the property or for the amount of the debt if a return could not be made. Suppose Bussart had paid all but a few dollars of the purchase-price, could the plaintiff in error have taken possession of all the property as absolute owner without being required to ren-

der an accounting to Bussart?   We think not.   While these questions are not involved in this case, they seem to us to decide the extent of the ownership of the goods in the plaintiff in error.   The most that can be said in favor of that ownership is that, as between the parties to the contract, the plaintiff in error has a lien on the vehicles in controversy for the amount of the purchase-price remaining unpaid, and that the payment thereof would remove the lien.

Our conclusion on this question is decisive of the case and the other questions need not be decided. The judgment of the district court is affirmed.