No. 38,031

THE PEABODY STATE BANK, of Peabody, Kansas, a Banking Corporation, *Appellee*, v. J. W. HEDINGER and WILMA HEDINGER, Defendants, CONSUMER PLAN, INC., a Corporation, *Intervenor* and *Appellant*.

(224 P. 2d 1014)

Opinion filed December 9, 1950.

*Archie T. MacDonald* and *Russ B. Anderson,* both of McPherson, were on the briefs for the appellant.

*D. M. Ward* and *Charles W. Ward,* both of Peabody, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is a replevin action to recover possession of an automobile and damages for its retention. Judgment was for plaintiff. An intervening petitioner has appealed.

The petition alleged the giving to plaintiff bank, a corporation located in Marion county, of a chattel mortgage on the car; that it was filed with the register of deeds of Marion county on March 24, 1948; and that a note given at the same time and described in the mortgage had been renewed. A copy of the mortgage and of the last note executed by defendants was attached. It bore the date of August 1, 1949. The petition then alleged the car was wrongfully detained from plaintiff; a demand for possession; the failure of the defendants to deliver; that the car had been removed by defendants from Marion and McPherson counties without the consent of plaintiff; that the note was past due; the value of the car was $850 and by reason of its detention by defendants plaintiff had been damaged in the sum of $50. Judgment was asked for possession of the car and $50 damages. A copy of the note sued on was attached and bears the date of August 1, 1949.

In due time Consumer Plan, Inc., a corporation, filed an intervening petition, in which it alleged that on August 1, 1949, the defendants had executed a note to it in the amount of $685.80 and to secure that note had given it a mortgage on the same car referred to in the petition; that this mortgage was filed in the office of the register of deeds of McPherson county on August 10, 1949; that defendants moved from McPherson, Kan., to Peabody in Marion county about January 1, 1948, and about September 1, 1948, moved from Marion county to Geary county, Kansas, and about February 1, 1949, moved from Geary county, Kansas, to McPherson, Kan., where they had resided since then; and that the plaintiff at all times knew, or should have known, the place of residence of defendants and could with due diligence have ascertained such place of residence. The intervening petition further alleged that the promissory note referred to in the petition was the last of a series of notes, the first of which was made on March 22, 1948. All the notes given by defendants to plaintiff were attached to the intervening petition. These notes showed the first one given for $1,580 on March 22, 1948, and a renewal of this note every three months until the note given on May 22, 1949, was made due by its own terms on August 1, 1949, for $1,100, and

on August 1, 1949, the note on which plaintiff sued was given for $1,100. The intervening petition further alleged that the plaintiff's chattel mortgage was at no time ever filed with the register of deeds of McPherson county, and the Consumer Plan, Inc., had neither actual nor constructive notice of any prior mortgage when it advanced the consideration of its note and mortgage. The petition further alleged that the defendants were in default in payments; that it deemed itself insecure and wished to take possession of the automobile; that the defendants had paid to them $59.60 and there remained due $628.20.

The prayer of the intervening petition was for possession of the automobile; that it be ordered sold and the proceeds of the sale applied to the indebtedness due Consumer Plan, Inc., from the defendants and the balance turned over to the court.

On December 14, 1949, plaintiff filed a motion to strike certain allegations from the petition on the ground they were irrelevant, redundant and did not state facts sufficient to constitute a cause of action or legal defense against the plaintiff in favor of Consumer Plan, Inc. This motion was treated as a demurrer and the court sustained it, whereupon the intervenor filed an amended petition, which alleged what we have already stated as to the renewal notes being given plaintiff by defendants. Intervenor attached copies of those notes to the petition. The plaintiff filed a motion to strike from the amended intervening petition—first, the allegations that the plaintiff at all times knew the place of residence of the defendants; second, the allegation that the plaintiff had at no time filed its mortgage in McPherson county for the reason that these statements were irrelevant and redundant and did not constitute a cause of action or legal defense against the plaintiff or warrant the intervention of Consumer Plan, Inc.; and third, they were a mere repetition of the same statements which had been ordered stricken from the original petition.

The motion also asked that the allegations in the intervening petition that the intervenor had neither constructive notice of any prior mortgage or lien of any kind at the time it advanced the consideration for the note and chattel mortgage and that "it was entitled to the possession of the automobile" be stricken from the intervening petition for the reason that they were mere legal conclusions. The motion also asked that words alleging the automobile should be ordered sold and "the money received therefrom be deposited with the clerk of the court to abide further orders" should be stricken

because it was not germane to the issues of the action, constituted an attempt by Consumer Plan, Inc. to change the character of this proceeding and was a repetition of the allegations ordered stricken from the original intervening petition.

The motion also asked for judgment on the pleadings in favor of the plaintiff for the reason that the remaining statements of material fact raised no issue of fact. The court found that the motion to strike was tantamount to a demurrer to the amended intervening petition at which they were specifically directed and that the motion for judgment on the pleadings was equivalent to a demurrer and that both motions should be sustained. Judgment was rendered accordingly giving plaintiff possession of the automobile.

The intervenor has appealed from the order sustaining the motion to strike and sustaining the motion for judgment and from the order granting the plaintiff possession of the automobile.

Stated succinctly, the pleadings and motion raised the question whether when a mortgagor moves from the place where he resided when he executed a chattel mortgage and takes the mortgaged chattel with him and the mortgagee knows of such removal, does G. S. 1935, 58-301, require the filing of the chattel mortgage at the new place of residence in order to give notice to subsequent mortgagees of the existence of that mortgage? The position of plaintiff is that the recording of the chattel mortgage on March 24, 1948, in Marion county, served as constructive notice to the world of the existence and the priority of the chattel mortgage given plaintiff by defendants.

Plaintiffs argue that the filing of the mortgage was in complete conformity with the requirements of the statute. The statute in question is G. S. 1935, 58-301. It provides as follows:

"Every mortgage or conveyance intended to operate as a mortgage of personal property, . . . shall be absolutely void as against . . . subsequent purchasers and mortgagees in good faith, unless the mortgage or a true copy thereof shall be forthwith deposited in the office of the register of deeds of the county in which the mortgagor resides, and also in the county where the mortgaged property is located at the time the mortgage is executed. . . ."

At the time the mortgage and first note were executed the defendant mortgagor lived in Marion county. The mortgaged car was also located in Marion at that time.

Intervenor points out first, the object of a recording statute is to give notice to persons who might subsequently be interested in either loaning money or buying the mortgaged chattel. There can be no doubt about that. It next points out that the mortgage to

plaintiff was executed by defendants on March 22, 1948, in the amount of $1,580 and a note was executed on that same date between the same parties for the same aomunt due in three months from the date. He points out that this note was renewed on June 22, 1948, for three months and notes executed thereafter until the one sued on by plaintiff was executed on August 1, 1949. Intervenor then states the note and mortgage constitute a single contract, even though executed at different times, and are but one transaction— hence when this renewal note was renewed on March 22, 1949, and was given by defendants to the plaintiff there was also in effect a renewal of the mortgage given a year earlier. They argue that this renewal of the original chattel mortgage was no less a mortgage than the original mortgage given a year earlier and imposed upon the bank the same statutory obligation to file it for record as if the transaction had been a new one. Defendants point out that by the time the last note was given plaintiff, mortgagees were residents of McPherson county; plaintiff knew this and it was obligatory on the plaintiff to file the mortgage for recording in that county.

The validity of this argument depends on the weight to be given the argument that the execution of the new notes were in effect the giving of a new mortgage. The authority cited and relied on by the intervenors is not helpful to us since the mortgage in the case cited was a real estate mortgage and there are other factual differences.

There is nothing in G. S. 1935, 58-301, requiring a chattel mortgage to be filed for record in the county to which the property is removed. In fact the statute requires but one recording. We find nowhere in the books any statement that where the note is renewed it amounts to a renewal of the mortgage. As a matter of fact the chattel mortgage in this case provides:

"This mortgage to cover all renewals hereof."

Clearly the parties contemplated only one mortgage.

The rule is stated in 10 Am. Jur. 777, section 95 as follows:

"In the absence of any specific statutory provision regarding the removal of mortgaged property, the record of a chattel mortgage in the town or county where it is required to be originally filed for record constitutes constructive notice to all the world, and the mortgage is valid even though not refiled in the town or county to which the property is subsequently removed."

(See, also, Note in 103 A. L. R. 198.) The purpose of the chattel mortgage recording statute is described in Jones on Chattel Mortgages (Bowers 6th Ed. 1933) sec. 260, p. 434 as follows:

"The object in requiring a record of the mortgage is to give publicity to it, and to provide a source of information common to all persons, so that they may determine, with some degree of facility, convenience, and certainty, the question of title to the property, whenever they may be interested to know it, while at the same time it is not among the purposes of the recording acts to subject a bona fide mortgagee to the inconvenience of the constant vigilance and ceaseless watching which would be requisite to guard and secure his interests, if he were obliged to record his mortgage in every town into which the mortgagor might see fit to remove with the property. If he were required to do this, his security would be well-nigh worthless; for before he could do this, a creditor of the mortgagor might seize the property by process of law, or the mortgagor himself might pass the title to it by way of sale to an innocent purchaser."

This rule does not leave entirely without remedy those dealing with mortgagors of automobiles, where the proposed mortgagor has removed from the county where a prior mortgage was recorded. In this case the intervenor could have ascertained the former residence of the mortgagor by examination of the certificate of title to the car in question. An examination of the records in the proper office of Marion county would have disclosed the existence of the prior mortgage.

The judgment of the trial court is affirmed.