No. 40,669

THE BANKERS INVESTMENT COMPANY, *Appellant,* v. FARRELL CALLO-
WAY, and THE JENSEN CONSTRUCTION COMPANY, *Appellees.*

(325 P. 2d 66)

Opinion filed May 10, 1958.

*Robert S. Wunsch,* of Kingman, argued the cause, and *Paul R. Wunsch,*
and *Charles H. Stewart,* both of Kingman, and *John Madden,* of Wichita, were
with him on the briefs for the appellant.

*Robert C. Foulston,* of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Samuel E. Bartlett, Stuart R. Carter, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Anthony T. Dealy,* and *Gerald Sawatzky,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This is an appeal in a recovery action from an order of the trial court sustaining demurrers to plaintiff's petition by each of two defendants.

Plaintiff, a Kansas corporation with its principal place of business at Hutchinson, filed its petition against the Jensen Construction Company (hereafter called Jensen), a foreign corporation authorized to do business in Kansas, and an individual, Farrell Calloway. On August 3, 1955, Leslie Wilson purchased a tractor-trailer truck from Price Auto Service Company of Wichita. Part of the purchase price was a note secured by a chattel mortgage on the truck payable to Price Auto Service which note and mortgage were immediately assigned to plaintiff. It was further alleged that at 5:30 p. m. on September 23, 1955, due to the negligence of Calloway, while acting as agent for Jensen, the truck, being driven by Leslie Wilson, was damaged in a collision between it and a 1953 Mercury sport coupe driven by Calloway. Copy of the chattel mortgage was attached to the petition.

Motion to make the petition definite and certain was filed by Calloway and overruled, but one by Jensen was sustained. Plaintiff was required to set forth in an amended petition the name of the insurance company from which it received any funds, and the amount thereof, or if no money were received from any insurance company, such information was to be furnished Jensen, or its attorney.

Plaintiff complied with the trial court's order by informing defense counsel that it had received no sums from Wilson's insurance carrier. Calloway filed a general demurrer and Jensen filed a general demurrer coupled with an attack on plaintiff's capacity to sue and to prosecute the action. In sustaining these demurrers the trial court found:

"The petition fails to show that the plaintiff has the possession or the right of possession of the subject matter of the action; also, since the mortgage contains a clause that the mortgagor shall retain possession of the chattel, the Court

is of the opinion that the demurrers should be and they are sustained. The Plaintiff, however, may if it wishes, file an amended petition."

Plaintiff appeals from this finding and order and the sole question presented here, therefore, is whether a mortgagee under a chattel mortgage can maintain an action and recover damages from one who has by his negligence damaged the mortgaged property resulting in an impairment or loss of such mortgagee's security.

The original amount of the note was $3,975.12 and at the time of filing the action the balance due was $2,325.96 which was alleged to have resulted from a payment to plaintiff after the collision. Plaintiff contends that it can be reasonably inferred this payment was the amount received for salvage of the truck. Plaintiff then contends that since it alleged the sum of $2,325.96 remains unpaid, that means Wilson made no payments and this created a default in the terms of the mortgage, pertinent parts of which read:

"In case said mortgagee shall at any time thereafter feel unsafe or insecure he shall be entitled to, and may take possession of said mortgaged property . . . until the payment of said note . . . for . . . which this mortgage is security. If, however, said mortgagee shall not take possession of said property for the reason aforesaid, the said mortgagor shall retain possession and control, and have the ordinary use and benefit of said mortgaged property . . . as the owner . . . until default, or until breach of one or more of the conditions of this mortgage, which are agreed upon by the parties hereto as follows:

"1st. *Said mortgagor shall keep the actual possession and control of said property . . .,*" (our emphasis)

and,

"It is expressly agreed by the parties hereto, that in case default should be made in the payment of said note . . . at maturity . . . that in such case, said note . . . and the whole of said mortgage debt shall, at the option of said mortgagee become immediately due and payable and said mortgagee . . . shall have the right to the immediate possession of said mortgaged property . . . and the right to take immediate possession of the same, and to foreclose this mortgage . . .,"

which plaintiff interprets as a further argument that it was entitled to immediate possession even though the petition alleges that at the time of the collision the truck was being driven by Wilson, the mortgagor.

Plaintiff finally contends that as a result of all these inferences, recovery by it, as mortgagee, would be justified against the third

parties, Calloway and Jensen, for negligently destroying or damaging the security covered by the mortgage.

Defendants concede that a mortgagee in possession or a mortgagee with a right of immediate possession, because of condition broken, can maintain an action for damages to the mortgaged property but they deny that a mortgagee who later gets possession has such a right of action.

We are here concerned only with the petition and the allegations therein contained.

To follow plaintiff's theory that it was actually in possession of the truck, or had the right to possession, would involve pure speculation by first inferring that Wilson owed a payment at the time of the collision, in the face of the allegation that a payment was made after the collision, the source of which payment is nowhere disclosed or explained in the petition, and then arriving at a second inference that Wilson was therefore in default so that plaintiff was entitled to possession. Such pyramiding of inferences cannot be done. (*Emigh v. Andrews,* 164 Kan. 732, 191 P. 2d 901.) Plaintiff cannot deny that the mortgage placed possession and all rights thereto in Wilson, who was alleged to have been driving and in possession of the truck at the time of the collision. Thus we have before us the very exception contemplated under G. S. 1949, 58-307, which reads:

*"In the absence of stipulations to the contrary,* the mortgagee of personal property shall have legal title thereto, and the right of possession." (Our emphasis.)

Consequently, it is inescapable that all there is left to plaintiff under the allegations of this petition is a lien on the truck. (*Frankhouser v. Ellett,* 22 Kan. 127, 147; *Kennett v. Peters,* 54 Kan. 119, 121, 122, 37 Pac. 999; *Peabody State Bank v. Hedinger,* 170 Kan. 237, 224 P. 2d 1014.)

When examined, authorities cited by plaintiff prove to be inapplicable, or from other jurisdictions which have different statutes and rules from those obtaining in our jurisdiction (*Kennett v. Peters,* supra, Syl. ¶ 1) and we will not unduly extend this opinion by a discussion thereof. The case of *Bankers Investment Co. v. Central States Fire Ins. Co.,* 164 Kan. 682, 687, 192 P. 2d 214, relied on by plaintiff, states in its context the general rule set out in 14 C. J. S., Chattel Mortgages, § 216, p. 822, and 10 Am. Jur., Chattel Mortgages, § 183, p. 837, but that case involved an entirely different situation from the one now before us because no mention is made

therein of possession, or right to possession. If possession, or right to possession, is in the mortgagee, as required by our decisions, at the time of a wrongful personal tortious injury or destruction of a chattel securing a mortgage, then without question the mortgagee, under the general rule and also under the rule in Kansas, could recover against a third party wrongdoer or tort-feasor.

We are compelled to conclude, as did the trial court, that plaintiff did not sufficiently allege in its petition that it had possession, or the right to possession, of the truck so as to maintain the action it herein seeks. The trial court properly sustained the demurrers.

Judgment affirmed.